416 P.2d 159

**TEXAS COTTON HARVESTER SALES CO.,**
a corporation, Plaintiff-Appellant,

v.

H. P. SMITH and C. N. Smith, doing business as Smith Brothers, and R. L. Davis, R. L. Byrum and Billie Joe Gandy, Defendants-Appellees.

No. 8036.

Supreme Court of New Mexico.

July 5, 1966.

Harvey C. Markley, Lovington, for appellant.

Hammel Carrell, Lovington, for appellees.

## OPINION

E. T. HENSLEY, Jr., Chief Judge, Court of Appeals.

Texas Cotton Harvester Sales Co., a corporation, hereinafter referred to as the plaintiff, brought suit in the district court against H. P. Smith and C. N. Smith doing business as Smith Brothers, and R. L. Davis, R. L. Byrum and Billie Joe Gandy to recover the sum of $736.82 for machinery belts delivered by the plaintiff to the Smith Brothers.

The record fails to disclose the return of service of process upon any of the defendants, however, there is a suggestion in the record indicating that the process server had served the summons, but was withholding return thereof until paid.

The defendants Davis, Byrum and Gandy filed timely answers to the plaintiff's complaint denying that they had authorized the Smith Brothers to purchase any merchandise from the plaintiff.

The defendants, Smith Brothers, filed no pleadings whatever yet they appeared in person at the trial and without benefit of counsel. The plaintiff did not appear in person at the trial, but was represented by counsel.

At the time of trial the defendants Davis, Byrum and Gandy orally moved to dismiss the plaintiff's complaint for failure to state a cause of action as to them. The motion having been sustained, the plaintiff moved to amend its complaint to allege that the purchase by the Smith Brothers was authorized by Davis, Byrum and Gandy. Leave was granted to amend. Thereupon the plaintiff called the defendant C. N. Smith as an adverse witness and at the conclusion of the testimony of this witness the plaintiff rested. Again the defendants Davis, Byrum and Gandy moved to dismiss as to them. The motion was sustained and in due time a judgment was entered dismissing the plaintiff's complaint as to all of the defendants for failure to prove the existence of the indebtedness alleged.

The plaintiff now appeals and for reversal urges that the trial court erred in ruling that the defendants Davis, Byrum and Gandy were not parties because of lack of return of process showing service. The plaintiff contends that the ruling made it impossible for it to call either of the three

defendants as adverse witnesses and for that reason was prevented from presenting its case fully.

 The record does not disclose that the trial court so ruled. Nor does it disclose that either of the three defendants were called as adverse witnesses so that the court could so rule. If, in fact, process had been served upon each of the three defendants, the plaintiff could have and should have produced the proof thereof. This was very likely in the mind of the trial court when it advised counsel for the plaintiff that service of summons "will be paid for and filed in the case before it goes to trial against anybody." If counsel misconstrued the remark of the court, it is his error, not that of the court. In any event, the plaintiff's counsel should have called the remaining adverse witnesses, and by so doing he could have called the court's attention to the alleged error. Having failed to do so, it may not be raised for the first time on appeal. State v. Walker, 54 N.M. 302, 223 P.2d 943.

Appellant also contends that the court erred in sustaining the defendants' motion to dismiss on the ground that the plaintiff had not established a case.

 The appellant failed to tender requested findings of fact to the trial court and it failed to make any written request of the trial court for findings. We will only call attention to § 21–1–1(52) (B) (a) (6) N.M.S.A.1953, and Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652; Carlisle v. Walker, 47 N.M. 83, 136 P.2d 479. The evidence will not be reviewed.

 The third claim of error relied upon for reversal is on an alleged ruling made by the trial court. The appellant maintains that the trial court erred in ruling that Smith was not an agent for Davis, Byrum and Gandy. In an effort to evaluate this objection, we have searched the record. The appellant's brief failed to point to the ruling in the bill of exceptions. The only ruling by the court on agency evidence arose on the question of the agency of Byrum for Davis and Gandy. The contention has no merit.

For the reasons given, the judgment of the trial court is affirmed.

It is so ordered.

CHAVEZ and COMPTON, JJ., concur.