423 P.2d 43

**J. Albert COCHRAN and Evelyn A. Cochran, Plaintiffs-Appellees,**

**v.**

**Andrew J. GORDON and Deweylee S. Gordon, Defendants-Appellants.**

**No. 8074.**

Supreme Court of New Mexico.

Jan. 23, 1967.

John E. Hall, Albuquerque, for appellees.

Mayo T. Boucher, Belen, McAtee, Toulouse, Marchiondo, Ruud & Gallagher, Mary C. Walters, J. E. Casados, Albuquerque, for appellants.

## OPINION

OMAN, Judge, Court of Appeals.

This is the second time this case has been here on appeal. On the first appeal the judgment in favor of plaintiffs-appellees was affirmed in all respects, except for the cross-appeal of plaintiffs taken pursuant to Rule 17(2) of the Rules of the Supreme Court of the State of New Mexico. Cochran v. Gordon, 69 N.M. 346, 367 P.2d 526. The cause was remanded to the trial court for the sole purpose of requiring an accounting by defendants to plaintiffs.

In the accounting proceedings which followed, the trial court found, just as was found on the prior trial, that plaintiffs had paid defendants for the partnership operations account the sum of $10,601.34. The trial court also found that one of the items of expense incurred and loss sustained by the partnership was depreciation on certain pieces of partnership equipment in the total amount of $2,962.42.

The defendants have appealed from the judgment entered at the conclusion of the accounting proceedings, and their sole point for reversal is stated as follows:

"THE BEGINNING POINT, THE INTERNAL CALCULATIONS, AND THE END RESULT OF THE TRIAL COURT'S ACCOUNTING HAVE NO SUPPORT IN THE EVIDENCE."

They first attack the trial court's finding that $10,601.34 is the amount which should be accounted for by the defendants. They predicate their attack upon the assertion that:

"* * * the court ignored the uncontradicted evidence of the accountant that a total of only $20,263.68 (Ex. A. Tr. 39) had been paid by appellees toward both

the operating and purchase accounts, * * *."

[By deducting $12,001.34, the amount the court found on the first trial had been expended by plaintiffs toward the purchase of land, from $20,263.38, defendants arrive at $8,261.94 as the amount for which they claim they were required to account.]

Their only reference to this alleged "uncontradicted evidence" is a reference to an exhibit attached to a memorandum submitted by defendants' attorney long after the case was tried, after the court had announced his preliminary decision, and after the plaintiffs had submitted their requested findings of fact and conclusions of law. The memorandum, including the attached exhibit, was in fact an argument submitted to the court in an effort to dissuade the court from the opinions expressed in his preliminary decision. Neither the memorandum, nor the attached exhibit, is evidence. Plaintiffs have not complied with the express requirements of rule 15(6) of the Rules of the Supreme Court of the State of New Mexico. See Cooper v. Bank of New Mexico, 77 N.M. 398, 423 P.2d 431 issued November 24, 1966.

Regardless of this failure on the part of defendants, their assertion must fall because one of the express findings of fact made by the trial court on the prior trial was:

"That between October 13, 1950, and August 4, 1951, Plaintiffs paid to Defendants, or expended for the partnership account, $10,601.34 for which sum receipts were given by the Defendants and earmarked for the so-called 'operations account.'"

■ No attack on this finding was made on the prior appeal, and thus it became a fact upon which the case rests. This finding was a part of the law of the case for the purposes of the accounting on remand. See McBee v. O'Connell, 19 N.M. 565, 145 P. 123; Albuquerque Broadcasting Co. v. Bureau of Revenue, 54 N.M. 133, 215 P.2d 819; Mitchell v. Allison, 54 N.M. 56, 213 P.2d 231; Reed v. Fish Engineering Corp., 76 N.M. 760, 418 P.2d 537.

Defendants, in order to demonstrate that the internal calculations of the trial court have no support in the evidence, undertake to demonstrate that the court's finding of depreciation on certain equipment in the amount of $2,962.42 is erroneous.

■ On appeal every reasonable intendment and presumption will be resolved against appellants and in favor of the proceedings below. Scott v. Brown, 76 N.M. 501, 416 P.2d 516. Any party claiming error must be able to point clearly to it. Board of Trustees v. Garcia, 32 N.M. 124, 252 P. 478; Mitchell v. McCutcheon, 33 N. M. 78, 260 P. 1086; Chavez v. Potter, 58

N.M. 662, 274 P.2d 308; Vonfeldt v. Hanes, 196 Kan. 719, 414 P.2d 7.

 We are of the opinion that there is substantial evidence to support the finding and that defendants have failed to point to any error on the part of the trial court. In any event, the defendants are in no position to complain, because they specifically requested the court to find this depreciation amounted to $2,962.42, the precise amount found by the court and which they now claim finds no support in the evidence. A party is in no position to attack on appeal a finding which he has specifically requested. See Harper v. Harper, 54 N.M. 194, 217 P. 2d 857; Haden v. Eaves, 55 N.M. 40, 226 P.2d 457.

Defendants are not helped by the fact that they also requested the court to adopt as a finding of fact a report of their accountant, in which report the depreciation on this equipment for a period of approximately fourteen months is shown to be $3,619.56. It is undisputed that the partnership existed for less than ten months, and that the court computed the depreciation on the equipment only for the period of the partnership existence.

The final argument of defendants is that the end result of the trial court's accounting is erroneous. This position is asserted as a necessary conclusion from the claimed errors of the trial court in commencing with the figure of $10,601.34, and in committing error in his calculations of the depreciation. Since we find no error in either of the premises upon which this asserted conclusion is founded, the conclusion necessarily fails.

Finding no error, the judgment should be affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.