510 P.2d 914

**Maurice McLAM, Plaintiff-Appellee,**

v.

**Janice McLAM, Defendant-Appellant.**

**No. 9551.**

Supreme Court of New Mexico.

May 11, 1973.

Rehearing Denied June 13, 1973.

Privette & Arthur, Las Cruces, for defendant-appellant.

Joe H. Galvan, Las Cruces, for plaintiff-appellee.

## OPINION

OMAN, Justice.

This is the third time this cause has been before this Court on appeal. Our decision on the first appeal is reported in McLam v. McLam, 81 N.M. 37, 462 P.2d 622 (1969). The second appeal appears as No. 9189 on the docket of this Court and was dismissed by order entered March 3, 1971.

The child custody issue referred to in McLam v. McLam, supra, has been resolved by an order awarding custody of the child to plaintiff. This order was entered without objection by defendant and is not involved in this appeal. The case is now

before us on appeal from an order dismissing defendant's claim of right to have the New Mexico courts decide all issues between the parties as to the nature and extent of their community property and to make an equitable division thereof between them. We affirm.

This claim by defendant was asserted in her responsive pleading to plaintiff's application for custody of the child. The trial court dismissed the claim under the doctrine of forum non conveniens. Its order of dismissal was predicated upon the following findings and conclusions:

"* * * that all property involved in said responsive pleading [the pleading in which defendant asserted her claim] is situated in the State of Idaho; plaintiff and plaintiff's minor child are residents and domiciliaries of the State of Idaho; all witnesses to this action are residents of the State of Idaho; a view of the real estate would be necessary but would not be available to this Court because of the location of said real estate in Idaho; the Court proceedings giving rise to this matter were in the State of Idaho; and that the law applicable to this action would be the law of Idaho; and that the State of New Mexico is not the forum for serving the ends of justice, convenience of witnesses and the Court and that the doctrine of forum non conveniens should be applied."

In the statement of proceedings in her brief in chief, defendant has challenged the foregoing findings by a parenthetical note as required by Supreme Court Rule 15(16) (b) [§ 21–2–1(15) (16) (b), N.M.S. A.1953 (Repl. Vol. 4, 1970)]. However, she has failed to state in her argument the ground or grounds for challenging any of these findings. Her arguments are directed entirely toward supporting her claims that the trial court improperly applied the doctrine of forum non conveniens to the facts of this case because (1) plaintiff chose the forum initially for the purpose of gaining custody of the child; (2) plaintiff and the trial court were both estopped from considering the doctrine because it was not raised until the case had long been in litigation; and (3) defendant has the right to assert her property claims in the forum of her choice.

A mere challenge of a finding by parenthetical note in the statement of proceedings is not sufficient to raise an issue on appeal. The burden was on appellant to state in argument her precise ground or grounds for challenging the findings. Rule 15(16) (b), supra. It was also her burden to clearly point out the claimed error or errors in the findings upon which she relies. Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967); Cochran v. Gordon, 77 N.M. 358, 423 P.2d 43 (1967); Novack v. Dow, 82 N.M. 30, 474 P.2d 712 (Ct.App. 1970). She failed in both respects.

At the close of the evidence, defendant expressly asked leave of the court to file requested findings of fact and conclusions of law. Leave was granted, but she failed to file any requests or take any exceptions to the findings made by the trial court. Under these circumstances, she is not entitled to a review of the evidence, if this is what she was seeking by the challenge in her said parenthetical note. McNabb v. Warren, 83 N.M. 247, 490 P.2d 964 (1971); Hall v. Lea County Electric Cooperative, 78 N.M. 792, 438 P.2d 632 (1968); Kipp v. McBee, 78 N.M. 411, 432 P.2d 255 (1967); Texas Cotton Harvester Sales Co. v. Smith, 76 N.M. 495, 416 P.2d 159 (1966); Owensby v. Nesbitt, 61 N.M. 3, 293 P.2d 652 (1956).

There is no merit to defendant's contention that the doctrine of forum non conveniens was not applicable because plaintiff chose New Mexico in which to seek the custody of his child. The child was in New Mexico and had come into the custody of the New Mexico Department of Welfare upon defendant being jailed. It was defendant who selected New Mexico as the forum in which to have the property rights of the parties litigated and determined, although this had been accomplished by an Idaho court.

There is no merit to defendant's contention that the plaintiff and the trial court were estopped from raising, considering or applying the doctrine of forum non conveniens because the case had been in court for a considerable time before the doctrine was raised. The question of disposing of defendant's claim as to the property rights of the parties came on for consideration immediately after the child custody question had been resolved. The applicability of the doctrine was thereupon considered by the court and defendant presented evidence in opposition thereto.

There is also no merit to defendant's contention that her choice of New Mexico as the forum in which to litigate the property rights of the parties was absolute and the New Mexico court was without discretion in the matter.

The application of the doctrine of forum non conveniens rests largely in the discretion of the court to which the claimant resorts. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); Price v. Atchison T. & S. F. Ry. Co., 42 Cal.2d 577, 268 P.2d 457 (1954); Proposed Official Draft, Restatement of the Law, Second, Conflict of Laws, § 84(b) (1967); Annot., Doctrine of Forum Non Conveniens, Assumption or Denial of Jurisdiction of Action Involving Matrimonial Disputes, 9 A.L.R.3d 545 (1966). The matters found by the trial court, as quoted above, are among the more important considerations usually relied upon for denying jurisdiction under the doctrine. Gulf Oil Corp. v. Gilbert, 330 U.S. 508, 67 S.Ct. 839, supra; Gonzales v. Atchison, Topeka and Santa Fe Railway Co., 189 Kan. 689, 371 P.2d 193, 198 (1962); St. Louis-San Francisco Ry. Co. v. Superior Court, 290 P.2d 118 (Okl.1955); Annot., 9 A.L.R.3d, supra, § 3 at 547.

Another consideration which obviously confronted the trial court in the present case was that of the ultimate efficacy of any decree which the court might have rendered had it retained jurisdiction. A decree by a court of one state, purporting

to affect title to realty situate in another state, appears to have limited binding effect upon the state wherein the property is located under the full faith and credit clause of the United States Constitution. Fall v. Estin, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909). The decision in the Fall case has met with criticism. See Leflar, American Conflicts Law, § 83 at 191 (1968). However, it has not been overruled. In Rozan v. Rozan, 49 Cal.2d 322, 317 P.2d 11 (1957), the California court ordered a division of real estate situate in North Dakota. In Rozan v. Rozan, 129 N.W.2d 694, 701 (N.D. 1964), the North Dakota court held:

"* * * that portion of the California decree purporting to vest a 65% interest to plaintiff (wife), and a 35% interest to defendant (husband), of North Dakota real properties, and thus directly affect and vest title in these litigants, is a nullity and is not entitled to, nor shall it be accorded, full faith and credit by the courts of this State."

The order of the trial court should be affirmed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.