530 P.2d 1155

Eugenio **PEREZ**, **Jr.**, **Plaintiff-Appellant**,

v.

Bennie **GALLEGOS**, **Defendant-Appellee**.

No. 9966.

Supreme Court of New Mexico.

Dec. 20, 1974.

Rehearing Denied Jan. 21, 1975.

Rodey, Dickason, Sloan, Akin & Robb, John P. Salazar, Albuquerque, for plaintiff-appellant.

Bigbee, Byrd, Carpenter & Crout, Paul D. Gerber, Santa Fe, for defendant-appellee.

## OPINION

OMAN, Justice.

Plaintiff sought to prevent defendant from laying a water pipeline along a road. Plaintiff's contention is that this is his private road and defendant has no permission to lay the pipeline across plaintiff's land. The district court held for defendant and plaintiff appeals. We affirm.

In the statement of proceedings in his brief in chief, plaintiff, by parentheti-

cal note, as required by Supreme Court Rule 15(16)(b) [§ 21–2–1(15)(16)(b), N.M.S.A. 1953 Repl. Vol. 4 1970)], which has been replaced, challenged seven of the district court's findings of fact. He also claimed error on the part of the district court in refusing to make seventeen of his requested findings. He refers to a point or points under which his grounds for challenge to each of the court's findings and to the denial of his requested findings will be found and his arguments in support thereof presented. However, he makes no reference whatever under any of his points to any of the challenged findings or his requested findings. He makes no specific statement as to the nature of his challenge to any of the findings or the rejection of any of his requests. A mere challenge of a finding by parenthetical note in the statement of proceedings is insufficient to raise an issue on appeal. McLam v. McLam, 85 N.M. 196, 510 P.2d 914 (1973).

■ It is true that a careful reading of his arguments under some of his points suggests an attack on one or two of the district court's findings and the court's failure to make a few of his requested findings, but he has failed to clearly point out the claimed error or errors upon which he relies. This was his burden. McLam v. McLam, supra; Morris v. Merchant, 77 N.M. 411, 423 P.2d 606 (1967). The nature of a claimed error on the part of the trial court must be specifically stated and argued. Petritsis v. Simpier, 82 N.M. 4, 474 P.2d 490 (1970).

■ Findings of fact not directly attacked on appeal by argument and citation of authorities become findings in the reviewing court. Clovis National Bank v. Thomas, 77 N.M. 554, 425 P.2d 726 (1967). A generalized attack is not enough. Cooper v. Bank of New Mexico, 77 N.M. 398, 423 P.2d 431 (1966); Giovannini v. Turrietta, 76 N.M. 344, 414 P.2d 855 (1966); Irwin v. Lamar, 74 N.M. 811, 399 P.2d 400 (1964). Thus, the trial court's findings are binding upon this court on this appeal. Two of these findings were:

"The subject road is not a private road and there has been no showing that it was ever a private road."

"The water pipeline to be installed by defendant along the subject road (as well as the pipeline which he had partially installed before plaintiff tore it up) does not constitute any additional burden or servitude to adjacent property nor is it inconsistent with the use of the subject road as a public highway."

■ These two findings, as well as others made by the district court and which are also binding upon us on this appeal, are inconsistent with plaintiff's points 1, 2 and 3 relied upon for reversal. Therefore, he must fail in his contentions under these points.

■ His claims under his fourth, fifth and sixth points relate to the authority of the county commissioners to grant defendant permission to install the pipeline along that portion of the public road in question. The purpose of the declaratory action brought by plaintiff, as expressly set forth in the statement of the case in his brief in chief, was that of having "the Court declare that the Defendant had no right to lay a water pipeline across the land of the Plaintiff without the Plaintiff's consent." The case was tried upon this theory. As shown by the above quoted findings, which are facts to be accepted by us on this appeal, the pipeline will not be laid across plaintiff's lands, and the installation thereof along the public road is not inconsistent with the use of the road as a public highway. Thus, it is apparent that plaintiff's contentions, under his fourth, fifth and sixth points, are irrelevant to the basic issue in this case.

■ There is another reason why the plaintiff cannot prevail on his claims that the county commissioners either did not legally give their permission for the pipeline, or the permission was misconstrued by the defendant and the trial court. The trial court lacked jurisdiction to adjudicate these claims because of the absence from the suit of an indispensable party, the

county commissioners. The commissioners are necessary parties to a suit attacking their actions. State Game Commission v. Tackett, 71 N.M. 400, 379 P.2d 54 (1962). In the Tackett case, the Commissioner of Public Lands had granted permission to the State Game Commission and its permittees and licensees to hunt wild game on the leased public lands. The court held that in a suit to enjoin the State Game Commission, its permittees and licensees, from hunting on the public lands, the Commissioner of Public Lands was an indispensable party, because the suit involved a determination as to the validity and interpretation of the permission given by the Commissioner to use the lands. Similarly, in the present case, the trial court, due to the absence of indispensable parties, the county commissioners, lacked authority to consider plaintiff's challenges to the actions of that body. State Game Commission v. Tackett, supra; § 21–1–1(19), N.M.S.A.1953 (Repl. Vol. 4, 1970).

Because plaintiff has failed to make a valid attack upon the district court's findings and conclusions, which support the judgment from which he has appealed, defendant urges that the appeal was brought solely for purposes of delay and harassment, and requests that he be awarded damages in the form of a reasonable attorney's fee pursuant to Supreme Court Rule 17(3) [§§ 21–2–1(17)(3), N.M.S.A. 1953 (Repl. Vol. 4, 1970)], which has been replaced. We do not agree with defendant that the appeal was taken for purposes of delay and harassment. The fact that we hold the appeal as presented lacks merit does not mean the appeal was taken or pursued in bad faith. Durrett v. Petritsis, 82 N.M. 1, 474 P.2d 487 (1970); Prager v. Prager, 80 N.M. 773, 461 P.2d 906 (1969).

The judgment of the trial court should be affirmed.

It is so ordered.

McMANUS, C. J., and STEPHENSON, J., concur.