884 P.2d 1182

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Cynthia Renee WARE, Defendant– Appellant.**

**No. 15163.**

Court of Appeals of New Mexico.

Sept. 27, 1994.

Cert. Denied Nov. 3, 1994.

Tom Udall, Atty. Gen., Jennifer L. Stone, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Sammy J. Quintana, Chief Public Defender, Rita LaLumia, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

FLORES, Judge.

Defendant appeals her conviction for possession of cocaine. She raises three issues on appeal: (1) whether there was sufficient evidence to support her conviction; (2) whether the results of the urine test should have been suppressed as a privileged probation record; and (3) whether the results of a urine test should have been suppressed as the fruit of an unreasonable search and seizure. We affirm.

## FACTS

Defendant was on probation for possession of cocaine. As a condition of her probation, Defendant was required to submit to urinalysis testing. Defendant violated certain conditions of her probation by failing to report for a monthly probation report meeting and purchasing a car without the permission of her probation officer. Those violations prompted Defendant's probation officer to order Defendant to submit to a urine test. Defendant's urine test came back positive for the presence of cocaine. Defendant was ultimately charged with possession of cocaine.

At a bench trial, Defendant's urine test results were admitted into evidence. In addition, Defendant's probation officer testified that prior to taking the test Defendant told him that the test was going to come back positive for the presence of cocaine. Defen-dant also told her probation officer that she needed help for drugs. The trial court found Defendant guilty of possession of cocaine.

## DISCUSSION

Defendant contends there is insufficient evidence to support her conviction for possession of cocaine. A sufficiency of the evidence review involves a two-step process. *See State v. Orgain,* 115 N.M. 123, 126, 847 P.2d 1377, 1380 (Ct.App.), *cert. denied,* 115 N.M. 145, 848 P.2d 531 (1993). First, "[w]e review the evidence in the light most favorable to the verdict, resolving all conflicts therein and indulging all reasonable inferences therefrom in support of the judgment." *Id.* We then make "a legal determination of whether the evidence viewed in this manner could support the conviction" beyond a reasonable doubt. *Id.*

In *State v. McCoy,* 116 N.M. 491, 496, 864 P.2d 307, 312 (Ct.App.1993), *reversed on other grounds by State v. Hodge,* 118 N.M. 410, 882 P.2d 1 (1994) (No. 21,305), we recognized that a positive drug test is relevant, circumstantial evidence that the defendant possessed cocaine at the time of ingestion. However, we also recognized that a positive drug test alone is insufficient evidence of possession of cocaine. *McCoy,* 116 N.M. at 497, 864 P.2d at 313. To support a conviction for possession of cocaine there must also be corroborating evidence to prove that the defendant knowingly, intentionally, and voluntarily possessed the drug at the time it was ingested. *Id.* Defendant suggests there is insufficient evidence to corroborate her positive drug test. We disagree.

As the State points out, Defendant's probation officer testified that Defendant stated that the urine test would come back positive for cocaine. We believe the fact finder could reasonably infer from this statement that Defendant knowingly ingested cocaine. *See State v. Vialpando,* 93 N.M. 289, 292, 599 P.2d 1086, 1089 (Ct.App.) (fact finder determines weight of the evidence including all reasonable inferences), *cert. denied,* 93 N.M. 172, 598 P.2d 215 (1979). Defendant also told her probation officer that she needed help for drugs. We believe the fact finder could reasonably infer

from this statement that Defendant also intentionally and voluntarily ingested the cocaine. *See id.* Defendant points out that there are conflicting inferences that can be drawn from her statements to her probation officer. We simply note that we do not reweigh the evidence or substitute our judgment for that of the fact finder. *See State v. Vernon,* 116 N.M. 737, 738, 867 P.2d 407, 408 (1993). In short, under our standard of review, we believe there was sufficient evidence to support Defendant's conviction because there was corroborative evidence to show that Defendant knowingly, intentionally, and voluntarily possessed the cocaine at the time of ingestion. *See McCoy,* 116 N.M. at 497, 864 P.2d at 313; *Orgain,* 115 N.M. at 126, 847 P.2d at 1380; *Vialpando,* 93 N.M. at 292, 599 P.2d at 1089.

■ Defendant also argues that there was insufficient evidence to prove jurisdiction in this case because there was no proof that Defendant ingested the cocaine within the State of New Mexico. *See State v. Benjamin C.,* 109 N.M. 67, 69, 781 P.2d 795, 797 (Ct. App.) (proof of where defendant lives or is arrested is insufficient to prove offense was committed in the state), *cert. denied,* 109 N.M. 54, 781 P.2d 782 (1989). Because Defendant was living very close to the Texas border, she contends this case is indistinguishable from *Benjamin C.* in that it is just as likely that the crime could have been committed outside of New Mexico. We rejected the same argument in *McCoy.*

In *McCoy* we noted that a general condition of probation is that the probationer remain in the state. 116 N.M. at 496, 864 P.2d at 312. We also noted that such a probation condition could be sufficient, circumstantial evidence from which the fact finder could infer that the ingestion of cocaine occurred in New Mexico. *Id.* In this case there was evidence that one of Defendant's conditions of probation was that she could not leave the state without obtaining permission from her probation officer. Defendant's probation officer also testified that Defendant never sought or received permission to leave the state. Consequently, unlike *Benjamin C.,* we hold there was sufficient evidence from which the trial court could infer that Defen-

dant ingested cocaine while in New Mexico. *See McCoy,* 116 N.M. at 496, 864 P.2d at 312.

■ Defendant also argues that her drug test results should not have been used to prosecute her for possession of cocaine because disclosure of the drug test results violates the privilege against disclosure found in NMSA 1978, Section 31–21–6 (Repl.Pamp. 1994). In an opinion recently filed by this Court, we rejected a virtually identical argument. *See State v. Rickard,* 118 N.M. 312, 881 P.2d 57 (Ct.App.), *cert. granted* 118 N.M. 256, 880 P.2d 867 (1994). For the reasons expressed in *Rickard,* we hold that Defendant cannot rely on Section 31–21–6 to argue that disclosure of her urine test results was improper.

■ To the extent Defendant may be arguing that disclosure of other evidence in the possession of the probation department, specifically her statements, may violate Section 31–21–6, we do not address that issue. Although Defendant's oral motion to suppress in the trial court was broad enough to include any evidence in the possession of the probation department, the only evidence specifically addressed below was the urine test results. No argument was made below that statements might be subject to a different analysis than test results, and no record was made below concerning the voluntariness of the statements or compliance with *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We do not address issues not raised in the trial court, and we do not address issues upon which no record was made. *Rickard,* 118 N.M. at 317, 317–318, 881 P.2d at 62, 62–63. Moreover, neither the point title nor the introductory paragraph of Defendant's argument in her appellate brief identify anything other than the urine test results as sought to be suppressed. Briefs on appeal must clearly and cogently identify the issues on which reversal is sought. *See Clayton v. Trotter,* 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct.App.1990); *State v. Padilla,* 88 N.M. 160, 162, 538 P.2d 802, 804 (Ct.App.), *cert. denied,* 88 N.M. 318, 540 P.2d 248 (1975). In short, this is not an appropriate case in which to determine whether our decision in *Rickard* applies equally to oral statements as it does to nontestimonial evidence,

and we specifically express no opinion on that issue.

■ Defendant's final argument is that the urine test she was subjected to as a condition of probation constituted an unreasonable search and seizure. This Court has previously held that such drug tests do not constitute unreasonable searches and seizures. *See McCoy*, 116 N.M. at 500, 864 P.2d at 316 (Because random drug tests are related to drug use activity which is criminal and because the testing is reasonably related to deterring future criminality, "the results of those drug tests would not be subject to suppression as the fruit of an unreasonable search and seizure."). Defendant's urine test results, therefore, were not subject to suppression as the fruit of an unreasonable search and seizure.

## CONCLUSION

Based on the foregoing, we affirm Defendant's conviction for possession of cocaine.

**IT IS SO ORDERED.**

BIVINS and PICKARD, JJ., concur.