This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PAUL BACHECHI,**

Worker-Appellant,

v. **NO. 33,474**

**COASTAL TRANSPORT CO., INC. and**
**NATIONAL INTERSTATE INS. CO.,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Shannon S. Riley, Workers' Compensation Judge**

James Rawley
Albuquerque, NM

for Appellant

Christopher Elmore
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Worker-Appellant Paul Bachechi (Worker) has appealed from a compensation order denying his claims. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Worker has filed a memorandum in

opposition, and Employer-Insurer has filed a memorandum in support. After due consideration, we remain unpersuaded by Worker's assertions of error. We therefore affirm.

{2}     Below, the WCJ determined that Worker is not entitled to benefits as a consequence of his failure to prove causation. [RP 138-39] Worker has challenged this determination.

{3}     Because we previously described the pertinent evidence and set forth our analysis in the notice of proposed summary disposition, we will avoid unnecessary reiteration here. Instead, the following discussion will focus on the content of the memorandum in opposition.

{4}     Worker continues to assert that this case involves an unexplained accident, such that causation should be presumed. [MIO 1-2] We remain unpersuaded. Both the accident reconstructionist and one or more of Worker's medical care providers concluded that Worker suffered a cardiac arrest while driving, which caused the accident. [RP 137-38] The circumstantial evidence, including the conditions at the scene and Worker's own statements to medical care providers, supply the basis for this assessment. [DS 3; MIS 2; RP 118-20, 138] We understand Worker to contend that the circumstantial evidence is insufficient to support the conclusions of the accident reconstructionist and the medical care providers, because that evidence is

2

susceptible to conflicting inferences. [MIO 1-2] However, insofar as the inferences drawn were reasonable, the opinions expressed by the reconstructionist and the medical care providers were adequately supported. *See generally* Rule 13-308 NMRA (providing that a fact may be proved by circumstantial evidence where the evidence gives rise to a reasonable inference of the truth of the fact sought to be proved); *cf. State v. Ware*, 1994-NMCA-132, ¶ 6, 118 N.M. 703, 884 P.2d 1182 (observing that where the inferences drawn from ambiguous statements were reasonable, the fact finder's ultimate determination was adequately supported, notwithstanding the fact that the statements were susceptible to conflicting inferences). Ultimately, this was a matter for the WCJ, as finder of fact, to resolve. *See Villa v. City of Las Cruces*, 2010-NMCA-099, ¶ 29, 148 N.M. 668, 241 P.3d 1108 (observing that where the WCJ could draw rational inferences about causation from the evidence, the WCJ's findings were entitled to deference); *see generally Murillo v. Payroll Express*, 1995-NMCA-062, ¶ 2, 120 N.M. 333, 901 P.2d 751 (noting in relation to whole record review that, "[t]he possibility that the evidence would support a different result does not require reversal so long as the WCJ could properly reach the decision that was rendered"). Accordingly, in light of the applicable standard of review, we uphold the WCJ's determination. *See generally Harkness v. McKay Oil Corp.*, 2008-NMCA-123, ¶ 7, 144 N.M. 782, 192 P.3d 777 ("We will affirm the WCJ's

decision if, after taking the entire record into consideration and applying the law to the facts de novo, there is evidence for a reasonable mind to accept as adequate to support the conclusion reached." (internal quotation marks and citation omitted)).

{5}     Accordingly, for the reasons stated above and in the notice of proposed summary disposition, we affirm.

{6}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**J. MILES HANISEE, Judge**

4