This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41714**

**THERESA GRANT,**

Petitioner-Appellant,

v.

**JAMES ROMERO,**

Respondent-Appellee,

and

**STATE OF NEW MEXICO HUMAN SERVICES DEPARTMENT,**

Intervenor.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Debra Ramirez, District Court Judge**

Theresa Grant
Albuquerque, NM

Pro Se Appellant

The Gentry Law Firm
Hayden C. Wickens
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Petitioner appeals from a district court order adopting a domestic relations hearing officer's report and an order denying Petitioner's motion to reconsider. [2 RP 330, 439] In her docketing statement, Petitioner asserted that the district court erred by (i) prematurely issuing an order approving the domestic relations hearing officer's report; (ii) imputing Petitioner to minimum wage for the purposes of determining the need to modify child support; (iii) refusing to accept new evidence regarding Petitioner's disability; (iv) being "adversely affected by Respondent's counsel's erroneous claims and misrepresentations regarding Petitioner's evidence and Respondent's financial obligations and credibility;" and (v) reprimanding Petitioner's trial counsel. [DS 4] In this Court's notice of proposed disposition, we proposed to summarily affirm. Petitioner filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**     Regarding the first issue presented in her docketing statement, Petitioner continues to argue that the district court violated her due process rights by entering its order adopting the domestic relations hearing officer's report on May 10, 2023, instead of May 12, 2023. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Petitioner's memorandum in opposition acknowledges that she "did not file any objections before either May 10 or May 12" and that "the district court addressed [her] objections.]" [MIO 2] We therefore refer Petitioner to the analysis in our notice of proposed disposition. [CN 2-4]

**{3}**     Regarding the second issue presented in Petitioner's docketing statement, Petitioner continues to reargue the evidence presented to the hearing officer, focusing predominantly on her own testimony and exhibits. *See id.* Petitioner asserts: "In this case, the trier of fact did not properly weigh the testimony nor assess the credibility of witnesses, resulting in a decision that lacks the support of substantial evidence and fails to consider the complete context of the circumstances." [MIO 7] As this Court noted in the notice of proposed disposition, this Court does not reweigh evidence or determine credibility. *See State v. Ware*, 1994-NMCA-132, ¶ 6, 118 N.M. 703, 884 P.2d 1182 (noting "that we do not reweigh the evidence or substitute our judgment for that of the fact [-]finder"). We therefore again refer Petitioner to our analysis in the notice of proposed disposition.

**{4}**     Regarding the third issue, Petitioner argues that the evidence she attempted to present at the hearing on her motion to reconsider was "both new and previously unavailable." [MIO 8] In its order denying Petitioner's motion to reconsider, the district court found that, during the hearing before the domestic relations hearing officer, "Petitioner failed to produce medical records to substantiate her claim that *she could no longer work due to her alleged worsening medical condition*." [2 RP 440] The district

court also found that "[t]here is no new evidence *that was not readily available at the time of trial* to support Petitioner's request to reconsider." [Id.] Petitioner does not specifically address these findings that she did not produce records to show that her disability prevented her from working due to her worsening condition and that she did not produce evidence at the hearing on the motion to reconsider that was not readily available at the time of the hearing before the domestic relations hearing officer other than stating these findings are "incorrect." [MIO 8] "Findings of fact not directly attacked on appeal by argument and citation of authorities become findings in the reviewing court. A generalized attack is not enough." *Perez v. Gallegos*, 1974-NMSC-102, ¶ 4, 87 N.M. 161, 530 P.2d 1155 (citation omitted). These findings alone are sufficient for this Court to affirm the district court. We note also that Petitioner did not attach to her motion to reconsider any new evidence that she asserts was unavailable at the hearing before the domestic relations hearing officer and the written record does not appear to contain any such evidence. [2 RP 337-376] *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 65, 146 N.M. 853, 215 P.3d 791 ("It is the duty of the appellant to provide a record adequate to review the issues on appeal."); *State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 ("Where there is a doubtful or deficient record, every presumption must be indulged by the reviewing court in favor of the correctness and regularity of the trial court's judgment.") (alteration, internal quotation marks, and citation omitted).

{5}     Regardless, Petitioner identifies the following as "new evidence" the district court failed to consider in her memorandum in opposition: (i) a 2010 bill of sale for "the Harley Davidson that [R]espondent falsely accused . . . Petitioner of owning" and that would have allegedly bolstered Petitioner's credibility; (ii) a worksheet from 2019 demonstrating a significant change in Respondent's income; (iii) a letter from Petitioner's rheumatologist discussing her medical condition; (iv) a letter from another specialist detailing Petitioner's condition; (v) "a letter from the commission division confirming that the [h]earing [o]fficer's report was flawed"; (vi) "a letter from [Petitioner's] attorney, dated 2019, stating in an email that nothing in the final decree prevents [her] from filing a motion to modify, or that no provision stops any New Mexico courts from modifying [c]hild [s]upport"; (vii) a notice of a right to request a review from the New Mexico Human Services Child Support Enforcement Division; (viii) a message from Respondent stating his monthly income; and (ix) "affidavits from the small shared office where [Petitioner] sporadically [worked] confirming that [Petitioner] had not been seen or working at that office anymore, aligning with [Petitioner's] testimony." [MIO 9]

{6}     We do not see how any of these exhibits could be considered new evidence or, even assuming they were, that they could have demonstrated that Petitioner was not capable of earning minimum wage contrary to the hearing officer's finding, pursuant to NMSA 1978, Section 40-4-11.1(D)(2) (2021, amended 2023). Based on Petitioner's own assertions, several of the items are dated well before the hearing on March 22, 2023 and March 24, 2023, and Petitioner does not identify any date of creation for the remaining items. [2 RP 313] The only two items that even relate to Petitioner's disability are the two letters from the specialist, but Petitioner does not provide the dates these

letters were authored or assert that she was unable to obtain them prior to the hearing in March 2023.

**{7}** Petitioner testified at the hearing that she was diagnosed with her disability as far back as 2007 and that she continued to work at least until 2019. [2 RP 317-18] As was noted in the proposed disposition, the hearing officer found that Petitioner "provided no documentation of an inability to work and in fact continued to work while she has this condition" and that she has "consistently worked since she has been receiving SSI benefits." [2 RP 324-325] Even if Petitioner could not have obtained the two letters prior to the hearing, she does not assert that those letters indicate that she is unable to earn minimum wage. A letter stating that Petitioner has a disability is insufficient on its own to establish that she is incapable of working or earning minimum wage.

**{8}** We briefly note that, throughout her memorandum in opposition, Petitioner invokes Rule 1-060(B)(2) NMRA as grounds for the district court to consider her "new evidence." Petitioner did not rely on Rule 1-060(B)(2) below, instead invoking Rule 1-053.2 NMRA and Rule 1-059(E) NMRA in her motion to reconsider, and thus we conclude this argument is not preserved. [2 RP 337-39] *See Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."). Even if it had been preserved, our conclusion would not differ. *See Pena v. Westland Dev. Co.*, 1988-NMCA-052, ¶ 15, 107 N.M. 560, 761 P.2d 438 (holding that a party seeking a new trial under Rule 1-060(B)(2) based on newly discovered evidence must prove, among other things, that the evidence "could not have been discovered before trial through the exercise of due diligence"); *Nance v. L.J. Dolloff Assocs., Inc.*, 2006-NMCA-012, ¶ 23, 138 N.M. 851, 126 P.3d 1215 (finding no abuse of discretion in the district court's denial of a motion to reconsider where the district court did not consider a deposition transcript that had been previously available to the movants).

**{9}** Regarding the fourth issue, it appears Petitioner continues to make the same sort of assertions that were made in the docketing statement. Therefore, we again refer Petitioner to our analysis in the notice of proposed disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10.

**{10}** Lastly, regarding the final issue presented in Petitioner's docketing statement, she continues to argue that a reprimand of her trial counsel constituted reversible error, but now provides this Court with the specifics of the exchange. Based solely on Petitioner's memorandum in opposition, it appears that Petitioner's trial counsel interrupted the district court to correct what was perceived to be a factual error in a statement made by the court, the court asked if trial counsel was done, counsel apologized, and then the court stated that it did not "know where everybody got this impression that they can interrupt the [c]ourts," which was followed by another apology from Petitioner's trial counsel. [MIO 11] As this Court noted in our proposed disposition, Petitioner has not cited any authority indicating that this exchange provided grounds for reversal. [CN 8] *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482

("Where a party cites no authority to support an argument, we may assume no such authority exists.").

**{11}** Accordingly, for these reasons and those stated in our notice of proposed disposition, we affirm.

**{12}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**