This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41986**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**KASSIDY ESPANA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Anne Amicarella, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**ATTREP, Chief Judge.**

**{1}** This Court issued an opinion on September 12, 2024, which is hereby withdrawn and replaced with this opinion, following the denial of Defendant Kassidy Espana's motion for rehearing. This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Having considered the brief in chief, concluding the briefing submitted to this Court provides no possibility for reversal, and

determining that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** This appeal arises from the State's third petition for revocation and an adjudicatory hearing in which the district court revoked Defendant's probation and reinstated Defendant's probation for a five-year term, equal to her original probation sentence. [2 RP 339-41, 338; BIC 1] The State's petition was premised upon allegations that Defendant "consumed, bought, sold, distributed or possessed a controlled substance which was not legally prescribed to her." [2 RP 313] At the adjudicatory hearing, Defendant's probation officer testified that Defendant admitted use of methamphetamine, tested positive for methamphetamine on a saliva test, and signed a written admission form regarding her use, although the form was not attached to the probation report. [BIC 11] Defendant appeals from the district court's order revoking probation and reinstating probation, arguing that (1) the testimony detailing the saliva test results lacked foundation and violated Defendant's confrontation rights; and (2) the evidence supporting revocation was insufficient. [2 RP 339-41, 344; BIC 14-23, 29-31]

**{3}** Regarding Defendant's first argument, Defendant acknowledges that she did not object to the admission of the probation officer's testimony about the drug test results, and the issue is therefore unpreserved. [BIC 14] Defendant, however, urges this Court to review the issue for fundamental error. [BIC 14] By alleging fundamental error, Defendant "must demonstrate the existence of circumstances that shock the conscience or implicate a fundamental unfairness within the system that would undermine judicial integrity if left unchecked." *State v. Salas*, 2017-NMCA-057, ¶ 11, 400 P.3d 251 (internal quotation marks and citation omitted). We do not discern any such circumstances and therefore conclude that no fundamental error occurred as a result of the district court's admission of the probation officer's testimony as to the drug test results.

**{4}** Defendant contends that the admission of the relevant testimony implicated her confrontation rights because it lacked the proper foundation to establish either how the drug test was administered or how the test's results were interpreted. [BIC 21] Relying on *State v. Sanchez*, 2001-NMCA-060, ¶¶ 17-18, 130 N.M. 602, 28 P.3d 1143, [BIC 19] Defendant asserts that "there is no indication . . . that any of the foundational procedures required of the [S]tate were met or that the evidence was demonstrated to be reliable." [BIC 21-22] In *Sanchez*, this Court addressed whether the admission, over the defendant's objection, of a defendant's positive laboratory test results for drugs violated the defendant's confrontation rights. 2001-NMCA-060, ¶¶ 13-14, 17-18. This Court concluded that a defendant is entitled to minimum due process rights in a probation violation hearing, including some right to confrontation. *See id.* ¶ 13. To protect such rights, *Sanchez* adopted certain requirements that must be met before laboratory test results may be admitted at a probation violation hearing. *See id.* ¶¶ 17-18. Relying on the *Sanchez* requirements, Defendant contends the admission of the probation officer's testimony about the saliva test violated due process. [BIC 21-22]

**{5}**     Even if we assume this is true, Defendant fails to persuade us that any such error was fundamental. *See State v. Astorga*, 2016-NMCA-015, ¶ 5, 365 P.3d 53 ("The burden of demonstrating fundamental error is on the party alleging it, and the standard of review for reversal for fundamental error is an 'exacting' one." (citations omitted)); *see also State v. Cunningham*, 2000-NMSC-009, 128 N.M. 711, 998 P.2d 176 ("[T]he analysis under a reversible error standard is decidedly different than the analysis under a fundamental error standard. The main analytical distinction between a fundamental error analysis and a reversible error analysis is the level of scrutiny afforded to claims of error."). To support her claim of fundamental error, Defendant argues that the saliva test result made up half of the State's proof and contends that "[b]ecause the test result was not excluded and the court also did not indicate it was excluding consideration of it, [her] fundamental rights were violated." [BIC 22-23] Such an argument does not convince us that Defendant's "guilt is so questionable that upholding a conviction would shock the conscience" or that "a fundamental unfairness within the system has undermined judicial integrity," as is required to meet the fundamental error standard. *See Campos v. Bravo*, 2007-NMSC-021, ¶ 18, 141 N.M. 801, 161 P.3d 846; *see also State v. Trujillo*, 2002-NMSC-005, ¶ 60, 131 N.M. 709, 42 P.3d 814 ("Because we find substantial evidence in the record to support [the d]efendant's convictions, and because [the d]efendant failed to demonstrate circumstances that 'shock the conscience' or show a fundamental unfairness, we find no fundamental error."). We accordingly conclude that no fundamental error has occurred.

**{6}**     Regarding Defendant's second argument, she contends that the evidence supporting her probation revocation was insufficient. [BIC 23, 29-31] Proof of a probation violation must be established with a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation. *Sanchez*, 2001-NMCA-060, ¶ 13. On appeal we must examine the evidence in the light most favorable to the district court's ruling. *State v. Trevor M.*, 2015-NMCA-009, ¶ 14, 341 P.3d 25. We cannot reweigh the evidence or substitute our judgment for that of the fact-finder. *State v. Ware*, 1994-NMCA-132, ¶ 6, 118 N.M. 703, 884 P.2d 1182.

**{7}**     At the adjudicatory hearing, the probation officer provided testimony that Defendant violated the terms of her probation based on her admitted use of methamphetamine, the positive drug test results, and Defendant's signed written admission form. [BIC 11] This evidence amply supports the district court's determination that Defendant violated the terms and conditions of her probation. *See State v. Leyba*, 2009-NMCA-030, ¶¶ 16-18, 145 N.M. 712, 204 P.3d 37 (holding that the defendant's admission was sufficient to establish a probation violation); *State v. Leon*, 2013-NMCA-011, ¶¶ 37-39, 41, 292 P.3d 493 (holding that a probation officer's testimony was sufficient to establish a violation and to support revocation of probation). "Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *Leon*, 2013-NMCA-011, ¶ 36 (internal quotation marks and citation omitted). To the extent Defendant contends that her cross-examination of the probation officer—given she did or could not testify because of her constitutional right against self-incrimination—should suffice to meet the

standard set out in *Leon*, [BIC 24-28] we disagree based on our review of the record. We accordingly conclude that sufficient evidence supports Defendant's probation revocation.

**{8}** Based on the foregoing, we affirm.

**{9}**    **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**