This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ALEX GRANADO,**

Plaintiff-Appellee,

v.                                                                   **NO. 30,053**

**BILLY EDWARDS,**

Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY**
**Daniel Viramontes, District Judge**

Alex Granado
Tucson, AZ

Pro Se Appellee

Bill L. Edwards
Deming, NM

Pro Se Appellant


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Appellant (Defendant) challenges a district court award of damages to Plaintiff,

Defendant's former tenant. We issued a calendar notice proposing to affirm the district court and Defendant has filed a timely "Memorandum in Support," which actually opposes our proposed disposition. We remain unpersuaded and affirm.

We first note we are constrained in our ability to review Defendant's contentions because the docketing statement and memorandum in opposition fail to clearly identify the issues raised, provide a list of authorities in support of those contentions, or articulate intelligible arguments. Moreover, the docketing statement does not comply with the rules of appellate procedure. *See* Rule 12-208(D)(3) & (4) NMRA (listing the contents required in a docketing statement).

Pro se litigants must comply with the rules and orders of the court and will not be treated differently than litigants with counsel. *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. In addition, this Court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments. *See Clayton v. Trotter*, 110 N.M. 369, 373, 796 P.2d 262, 266 (Ct. App. 1990). Our calendar notice therefore explained that unless Defendant filed a memorandum in opposition clearly enumerating the reasons the district court erred in finding in favor of Plaintiff, and the authority in support of each argument, this Court would proceed to affirm the district court. Defendant's memorandum in opposition continues to fail to put forward intelligible arguments supported by legal authority. *See, e.g., In re Adoption of Doe*,

100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (explaining we will not consider an issue if no authority is cited in support of the issue, as absent cited authority to support an argument, we assume no such authority exists).

We observe that district court case numbers CV 2009-071 and LR 2009-02 appear to have been litigated at the same time, sometimes under the same caption and joint case numbers. One case appears to have concerned the dismissal of claims filed against the City of Deming by Defendant [10/23/2009 RP 84; 232] and the other case appears to have been a claim brought by Plaintiff, a former tenant of Defendant's. [11/10/2009 RP 050; DS 2] We have previously affirmed a dismissal of the complaint against the City of Deming in Case No. 29,712.

In the second order [11/10/2009 RP 050], which we now address, the district court specifically found that Plaintiff had resided in a home for five days which he rented from Defendant, that the home was uninhabitable and "red tagged" by the City of Deming, and that, as a result of the City of Deming's actions, Plaintiff was forced to vacate the residence. [11/2/2009 RP 050] That order awarded Plaintiff $512 against Defendant.

Nothing in Defendant's docketing statement or memorandum in opposition leads us to question the district court's findings. *See Allen v. Amoco Prod. Co.,* 114 N.M. 18, 22, 833 P.2d 1199, 1203 (Ct. App. 1992) (stating that it is the appellant's

burden to demonstrate error). Moreover, the trier of fact is in the best position to evaluate the credibility of witnesses. *See Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct. App. 1988) (explaining that the trial court is in the best position to evaluate the credibility of witnesses). We do not reweigh evidence on appeal. *Las Cruces Prof'l Fire Fighters v. City of Las Cruces,* 1997-NMCA-044, ¶ 12, 123 N.M. 329, 940 P.2d 177.

Accordingly, we affirm the district court.

**IT IS SO ORDERED.**

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**RODERICK T. KENNEDY, Judge**