This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**LINDSAY OSBORN,**

**Petitioner-Appellee,**

**vs.**                                                          **No. 34,840**

**HARRISON THOMPSON,**

**Respondent-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Joanna Zimmerman
Michelle Olstza Reeves
Alamogordo, NM

for Appellee

Harrison Richard Thompson
Ruidoso, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}      Respondent, Harrison Thompson, a self-represented litigant, appeals from two district court orders: (1) an order of protection entered in the present case on July 16, 2014 [RP 17-26]; and (2) an order determining custody, time sharing, and child support—in case number D-1226-DM-2013-00068—filed on April 23, 2015 [RP 56]. This Court issued a calendar notice proposing to affirm. Respondent has filed an informal memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2}      In our calendar notice, we initially observed that the only case on appeal before this Court is the matter dealing with the domestic violence order of protection, D-1226-DV-2014-00049. [CN 2] We consequently declined to consider arguments regarding the order entered in the custody, time sharing, and child support case. In his memorandum in opposition, Respondent has not demonstrated that we are incorrect in so declining, nor has he otherwise provided any basis for us to treat filings in that case as properly before this Court. Therefore, we proceed to only consider the merits of the appeal in the domestic violence order of protection case. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{3}      In our notice of proposed disposition, we observed that we were "unable to determine from Respondent's docketing statement any specific assertions of error on the part of the domestic violence special commissioner and/or the district court." [CN 2] In making this observation, we noted that the "lack of clarity is compounded by the fact that it appears from the record that Respondent did not file objections to the special commissioner's recommendations, either in relation to the initial order of protection or to the two-year extension." [CN 2-3] *See* Rule 1-053.1(F),(G) NMRA (stating that any party may file specific objections to the domestic violence special commissioner's recommendations within ten days of service of the recommendations). Finally, we noted that it appeared that Respondent was not present for the hearings on either order. [CN 3] Consequently, we were not convinced at that point that the matters discussed in Respondent's docketing statement were properly preserved for appeal, especially where Respondent had not pointed us to anywhere in the record that demonstrated preservation. [CN 3] *See Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 24, 314 P.3d 688 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court.") (internal quotation marks and citation omitted); *see also Losey v. Norwest Bank of N.M., N.A. (In re Norwest Bank of N.M., N.A.)*, 2003-NMCA-128,

¶ 30, 134 N.M. 516, 80 P.3d 98 (stating that this Court will not search the record for evidence of preservation).

{4} In response, Respondent does not provide this Court with any clarity regarding specific assertions of error; in fact, the contentions in his memorandum in opposition are as unintelligible as those in his docketing statement. [*See generally* MIO 1-6] *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 12,110 N.M. 369, 796 P.2d 262 (stating that while this Court will review pro se arguments to the best of its ability, we cannot respond to unintelligible arguments). However, Respondent does attempt to explain why he was not present at either the hearing on the initial order of protection or the hearing on the two-year extension of the order. With respect to the July 15, 2014, initial order of protection hearing, Respondent states that he did not appear because of a "hoax search" conducted at his parents' home. [MIO 2] From a review of other documents filed by Respondent, it appears that this search—conducted by law enforcement officers pursuant to a warrant—took place on July 9, 2014. [RP 69-70] Respondent does not explain how this search—conducted approximately one week prior—prevented him from attending the July 15 hearing. On the other hand, the record supports the hearing officer's finding that Respondent was properly served with notice of the hearing on July 12, 2014. [RP 16, 18] With regard to the July 9, 2015, hearing on extending the order of protection, Respondent states that he was not

4

notified about the hearing. [MIO 2] He refers to a "paper" that said "Hearing Date: NONE." [MIO 2] Our review of the record reveals that Respondent appears to be describing the request for hearing form that accompanied Petitioner's motion to extend the order of protection. [RP 43-44] It appears, though, that subsequent to the filing of Petitioner's motion, the district court set a hearing and mailed notice of that hearing to Respondent's post office box. [RP 46] The record contains a returned notice indicating that the post office box was vacant. [RP 47-48] Thus, without more, we cannot say that the hearing officer or district court improperly excluded Respondent from either hearing.

{5}     We remain, therefore, unconvinced that Respondent preserved error below for review on appeal. However, as we observed in our calendar notice, even if we were somehow able to identify properly preserved issues, Respondent has not provided any legal authority whatsoever to support his position. [CN 4] Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. Because it is unclear what specific claims of error Respondent is asserting, and because he has provided no authority in his docketing statement or in his memorandum in opposition, we conclude that Respondent has not met his burden on appeal. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a

presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error); *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (stating that the burden is on the appellant to clearly demonstrate that the trial court erred).

{6}     For these reasons, and those in our calendar notice, we affirm.

{7}     **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Judge**


_____

**M. MONICA ZAMORA, Judge**