796 P.2d 262

**Thomas CLAYTON, Petitioner–Appellee,**

**v.**

**Patricia TROTTER,**
**Respondent–Appellant.**

**No. 11783.**

Court of Appeals of New Mexico.

June 28, 1990.

Thomas Clayton, Albuquerque, pro se.

Patricia Trotter, Albuquerque, pro se.

## OPINION

CHAVEZ, Judge.

Mother appeals from several orders of the trial court. These orders: (1) confirmed a special master's report dealing with child support arrearages and other sums of money the parties owed each other; (2) changed primary physical custody of the parties' son from mother to father; and (3) permitted the child to attend public high school under certain conditions. We discuss: (1) whether mother's motion to strike 99% of father's brief should be granted; (2) whether the trial court was substantively correct in ruling as it did on the issues before it; and (3) whether procedural matters call for a reversal. We affirm.

*Motion to Strike*

Mother seeks to strike father's brief because she alleges father's filing of the brief shows no respect for the court. Father had filed a document containing much of the substance of his brief before mother's brief was filed; attached to that document were various exhibits. This court entered an order refusing to strike that document, but pointing out to father that this court would decide the case on the briefs and that his brief had to contain appropriate references to the record and transcript and could not contain references to matters that were not of record. Father's answer brief, although similar to his earlier document, does contain references to the record and transcript and does not rely on the exhibits that are not of record.

Thus, father has complied with our order and the appellate rules, and we decline to grant mother's motion.

Moreover, we perceive mother's motion to strike as seeking to take undue advantage of minor procedural errors. She asks that 99% of the brief be stricken and that this court consequently rule in her favor. This is contrary to the long-standing policy of hearing appeals on their merits if at all possible even if it means overlooking strict compliance with the appellate rules. *See Olguin v. State*, 90 N.M. 303, 563 P.2d 97 (1977). We do this especially in cases involving children because courts must independently insure that the interests of the children are protected. *See Martinez v. Martinez*, 101 N.M. 493, 684 P.2d 1158 (Ct.App.1984).

### Substance of Trial Court Rulings

■ Before we discuss any individual rulings, we make some general observations on the role of an appellate court and how we review decisions of the trial courts. We are a court of review, *Miller v. Smith*, 59 N.M. 235, 282 P.2d 715 (1955), and our function is to see if legal error that would change the result occurred. *Morris v. Merchant*, 77 N.M. 411, 423 P.2d 606 (1967). There is a presumption in favor of the proceedings below and the party claiming error must be able to point clearly to it. *Cochran v. Gordon*, 77 N.M. 358, 423 P.2d 43 (1967). It is not our role to retry the case for a better result even if we would have ruled differently. *See State v. Doe*, 100 N.M. 649, 674 P.2d 1109 (1983).

■ In matters of custody, the trial courts have wide discretion; we will overturn an award only when there has been a manifest abuse of discretion. *Creusere v. Creusere*, 98 N.M. 788, 653 P.2d 164 (1982); *Ridgway v. Ridgway*, 94 N.M. 345, 610 P.2d 749 (1980). Findings by a trial court will be upheld if supported by substantial evidence. *Lujan v. Pendaries Properties, Inc.*, 96 N.M. 771, 635 P.2d 580 (1981). In particular, as an appellate court, we do not make any determination of the credibility of witnesses. *See id.* Thus, although mother may feel strongly that the statements of father were not believable, we permit the district court to make findings based on uncorroborated statements by father as to matters about which he has personal knowledge.

### a. Special Master's Report

■ The special master refused to increase child support father was to pay mother, offset a debt mother owed father against the support father was paying, refused to award any arrearages, and cautioned mother against filing motions to increase child support unless she could prove a substantial change of circumstances. Before mother could get an increase in child support, it was her burden to show a substantial change of circumstances. *DeTevis v. Aragon*, 104 N.M. 793, 727 P.2d 558 (Ct.App.1986). Mother's showing at the hearing was that father's income had only increased by a few dollars. This is not substantial. Moreover, the change had to have occurred since the last adjudication. *Chavez v. Chavez*, 98 N.M. 678, 652 P.2d 228 (1982). Thus, to the extent mother argued that the support was set too low from the beginning, this is not a reason to increase the child support. At the hearing, mother agreed that father had paid child support arrears contained in a previous order, that she owed father $750 in fees assessed in an earlier contempt, and that father could collect it by paying $50 less per month in child support. Thus, the trial court did not err in adopting the special master's report to the extent it did. Of course, the trial court was correct in ruling that father did not have to pay mother any more child support once father became the child's primary physical custodian and it was consequently correct in ordering mother to pay father installments on what remained of the $750 debt.

■ On appeal, mother argues that the special master and the court did not require father to produce a California Order about which he had testified. The California Order presumably required father to pay child support for a child of another relationship. Mother did not specifically object to father's testimony, nor did she mention

the best evidence rule at the time of the hearing. Later, mother did file her objection to the special master's report on the basis of the non production of the California Order. Even if mother's comment and question at the hearing were interpreted to be an objection on the basis of the best evidence rule, the question of father's income and expenses became irrelevant, because the court ultimately awarded father primary, physical custody of the child, and because mother was not required to pay child support.

### b. *Change in Custody*

■ The trial court changed primary physical custody of the parties' son from mother to father upon finding the following changes in circumstances: father changed the location of his residence from Santa Fe to Albuquerque where the child was living and the child had reached the age at which the court was statutorily required to consider his desires. *See* NMSA 1978, § 40–4–9(B) (Repl.Pamp.1989). It was appropriate for the trial court to have considered the wishes of the child at this point. *See Merrill v. Merrill,* 82 N.M. 458, 483 P.2d 932 (1971). In addition, the court clinic's advisory consultation report approved the change as being in the best interests of the child. Finally, the court made detailed and extensive findings concerning why the change would be in the best interests of the child. As stated above, we are a court of review and do not substitute our judgment for that of the trial court. The trial court's decision was reasonable under the circumstances and did not amount to error as a matter of law.

Mother's reliance on cases such as *McCown v. McCown,* 446 So.2d 45 (Ala.Civ. App.1984), and *In re Marriage of Campbell,* 599 S.W.2d 256 (Mo.Ct.App.1980), is misplaced. These cases do not stand for the proposition that children's preferences should not be considered as a matter of law because children are susceptible to influence created by lavish attention. In any particular case, there may or may not be undue influence. The trial court found no undue influence in this case and, in light of father's statements to the court, which the

court was entitled to credit, we must affirm the judgment.

### c. *Schooling*

■ As part of the move to father's residence, the child also enrolled in public high school. The court entered an order sharing mother's concern that the child would have to repeat a year and, as a result, would not graduate with his class if he remained at the public high school. The order indicated the court would revisit the matter if presented with facts confirming the concern. Facts partially confirming the concern were presented. The child would not get credit for all school work performed at his prior school, but would not have to repeat a year and, therefore, would be able to graduate with his class if he took extra classes. In light of these facts, the court did not order the child to return to his former school. Again, this is a matter on which there was evidence to support the trial court's decision. The evidence was that the child wanted to remain in the public school and was willing to take the extra classes. Accordingly, the trial court's decision in this regard, too, was reasonable under the circumstances and did not amount to error as a matter of law.

Nor was the trial court required to find that father perjured himself by giving possibly erroneous information on the matter of school credit. In almost every case, the statements of witnesses will be different and it is up to the fact-finder to resolve the conflicts.

### Procedure

■ Mother raises a multitude of procedural issues. We need not address each one individually. Many are answered by the familiar appellate principles that the alleged errors must be clearly called to the attention of the trial court so that the trial court can make an intelligent ruling on them and the alleged errors must be such that they affect the result. *See Grammer v. Kohlhaas Tank & Equip. Co.,* 93 N.M. 685, 693, 604 P.2d 823, 831 (Ct.App.1979); *H.T. Coker Constr. Co. v. Whitfield*

*Transp., Inc.*, 85 N.M. 802, 518 P.2d 782 (Ct.App.1974). Others are answered by the fact that some pertinent parts of the brief were unintelligible, *see Wilburn v. Stewart*, 110 N.M. 268, 794 P.2d 1197 (1990); *State v. Casteneda*, 97 N.M. 670, 642 P.2d 1129 (Ct.App.1982), or that mother did not provide us with the exhibits on which she relies, *see State v. Duncan*, 95 N.M. 215, 619 P.2d 1259 (Ct.App.1980). We realize that mother is proceeding pro se, but a pro se litigant is bound by all of the rules applicable to litigants represented by attorneys. *State ex rel. State Highway Comm'n v. Sherman*, 82 N.M. 316, 481 P.2d 104 (1971).

We will answer a few of mother's issues as illustrations. Mother's brief complains that the special master's decision to deny her an increase in child support was made prematurely because there was still outstanding discovery that had not been provided to her. Yet, her objections to the special master's report do not specifically complain about this, and now, that father has been given primary physical custody, any request by mother to increase the child support father should pay her is moot.

Mother's brief complains that certain notices were lost and, as a result, she did not have time to prepare for hearings. However, mother never clearly and specifically complained to the trial court that she did not have sufficient notice, that she had more evidence to present and was prevented from doing so by the court's actions, or that she needed a continuance or more time in any way. She also complains that she did not get a chance to file requested findings and conclusions. However, because we have reviewed the sufficiency of the evidence and because mother had a full opportunity to make her contentions known to the trial court orally, we conclude that she has not been prejudiced.

Mother's brief and particularly her reply brief complain at length that the court's interview with the minor child was not re-corded. Yet, this issue was never presented to the trial court in a manner that would have allowed the trial court to correct the error by interviewing the child again with a court reporter or tape monitor present.

Mother's brief at point I is unintelligible. The argument appears to complain about matters occurring prior to the proceedings leading to the orders from which appeal is taken. The citation of authority concerns the trial court's duty in connection with making findings and conclusions. The argument concludes with a citation to an evidence rule claimed to apply. We cannot ascertain what mother is complaining about, why she is doing so, or what she wants corrected based on this argument.

We have attempted to review mother's arguments to the best of our ability. We have also considered the trial court's decisions and have reviewed the proceedings leading to those decisions. The decisions made were within the range of discretion of the trial court and supported by the presentations made below. If errors were made, they were not clearly pointed out to the trial court or to this court on appeal. If they were brought to the trial court's attention, we found them not to be prejudicial. It appears to us, after reviewing the record, that the trial court acted within its discretion in concluding what was in the best interests of the parties' child at this stage of his life.

The orders from which appeal is taken are affirmed.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.