This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MAIDA MARIE WARD,**

    Petitioner-Appellant,

**v.**                                                                          No. 33,888

**TIMOTHY BERNARD HARVEY, JR.**

    Respondent-Appellee.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Ann Hadfield, District Judge**


Maida Marie Ward
Albuquerque, NM

Pro Se Petitioner-Appellant

Timothy Bernard Harvey, Jr.
Albuquerque, NM

Pro Se Respondent-Appellee


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

**{1}** Petitioner appeals, pro se, from a district court order reducing her supervised visitation of her children from three hours a week to one hour. We issued a calendar notice proposing to affirm. Petitioner has responded with a memorandum in opposition. [Ct. App. file at red clip] On May 12, Petitioner filed an emergency motion to remand to the district court to permit it to address new allegations relating to the custody dispute. [Motion is top doc in file] In light of our disposition on the current appeal, we deny the motion as moot, although we note that any new allegations relating to custody may be raised in the district court at any time. *See* NMSA 1978, § 40-10A-202 (2001). We affirm the current appeal.

**{2}** Petitioner continues to challenge an order modifying child custody. With respect to the change in custody, "[a] court may modify a custody order only upon a showing of a substantial change in circumstances since the prior order that affects the best interests of the children." *Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7. We review the district court's decision for an abuse of discretion. *See id.* ("We will overturn the [district] court's custody decision only for abuse of discretion, and we will uphold the court's findings if supported by substantial evidence."); *Clayton v. Trotter*, 1990-NMCA-078, ¶ 5, 110 N.M. 369, 796 P.2d 262 ("In matters of custody, the trial courts have wide discretion; we will overturn an award only when there has been a manifest abuse of discretion.").

2

{3}     Here, the district court found that Petitioner behaved inappropriately during the supervised visits, including inflammatory statements about Respondent. [RP 381, ¶ 15] Based on this, the district court temporarily modified Petitioner's supervised visitation from three hours to one hour. [RP 381, ¶ 18] In light of Petitioner's behavior, we conclude the district court acted within its discretion.

{4}     With respect to alleged bias, "[r]ulings adverse to a party do not necessarily evince a personal bias or prejudice on the part of the judge against it, even if the rulings are later found to have been legally incorrect." *United Nuclear Corp. v. Gen. Atomic Co.*, 1980-NMSC-094, ¶ 425, 96 N.M. 155, 629 P.2d 231. We also note that a judge's opinions based on the facts of the proceedings, even if hostile, do not establish bias. *See US West Commc'ns, Inc. v. N.M. State Corp. Comm'n*, 1999-NMSC-016, ¶ 44, 127 N.M. 254, 980 P.2d 37. Here, Petitioner has not referred us to anything in the record that supports her claim that the judge, or the hearing officer, were biased against her. Instead, Petitioner is relying on the fact that the court ruled against her. [MIO 3] As noted above, this is insufficient to support a claim of bias.

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**

3

_____
**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Judge**

_____

**LINDA M. VANZI, Judge**

4