This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**TU MY TONG,**

       Plaintiff-Appellant,

**v.**                           **No. 35,653**

**STATE OF NEW MEXICO,**
**D'ANTONIO HAGEN, an individual,**
**LOUIS MARTINEZ, an individual,**
**JOHN DOES 1-100, inclusive,**

       Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Mary W. Rosner, District Judge**

Tu My Tong
Los Angeles, CA

Pro Se Appellant

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}**    Plaintiff, a self-represented litigant, appeals from the district court's order dismissing her amended complaint with prejudice and the district court's subsequent

order denying Plaintiff's post-judgment motions that were filed within thirty days under NMSA 1978, Section 39-1-1 (1917). Unpersuaded that Plaintiff demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has responded to our notice with what she calls "Motion Summary Calendar." It is a lengthy hand-written document that contains no clearly and concisely stated issues, but seems responsive to the proposed analysis in our notice. We consider it to be Plaintiff's memorandum in opposition to our notice. Plaintiff also filed a motion that seems to request a further extension than she has already been granted, seeking permission to file an amended docketing statement. Plaintiff has not stated what additional information she would like to provide. After her extension had lapsed, Plaintiff filed sixteen more pages of hand-written argument without a caption or title for the document. We consider this document to be both an addendum to her memorandum in opposition and a motion to amend the docketing statement. Plaintiff will not be granted any more time to file any document in this Court relative to the district court case from which she appeals. Plaintiff has had ample opportunity to raise all of her arguments and file every pleading allowed by the appellate rules, and she has filed even more. No other pleadings will be considered.

{2} We have considered Plaintiff's filings and have attempted to understand her complaints to the best of our ability. *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 12,

110 N.M. 369, 796 P.2d 262 (explaining that this Court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments); *see also Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (stating that this Court has no duty to review an argument that is not adequately developed, and "[w]e will not review unclear arguments, or guess at what [a party's] arguments might be"). We remain unpersuaded that Plaintiff demonstrated error in the dismissal of her amended complaint. We, therefore, affirm.

**DISCUSSION**

{3} Because of our uncertainty about the precise arguments Plaintiff raised in her docketing statement and numerous motions and the appearance that Plaintiff was confused about the problems with her lawsuit, our notice explained the reasons underlying the district court's dismissal. [CN 4-5] Namely, Plaintiff's allegations were not distinguishing between state and federal government officials; Plaintiff did not demonstrate that her alleged injuries were caused by any named New Mexico State entities or individuals; and, therefore, Plaintiff did not show that the State's actions fell within any waiver of immunity under the New Mexico Tort Claims Act. [RP 1014-16] We also explained that Plaintiff filed a similar civil suit in federal court, and the federal court dismissed all of her claims except her claim for malicious prosecution. [CN 4; RP 1014] The federal court permitted that claim to proceed in

3

state court to allow Plaintiff to develop evidence that a person or agency employed by the State of New Mexico had caused her injuries. [Id.] The district court ruled that Plaintiff did not make the evidentiary connection between any actions by New Mexico officials or a state agency and Plaintiff's injuries. [CN 4; RP 1014-16]

{4}     We explained the standards Plaintiff is required to meet, our role as the appellate court in reviewing the district court's decision, and set forth instructions for Plaintiff's response to our notice. We stated that "[i]n any response Plaintiff may wish to file, she must respond with a clearly legible document that clearly and concisely states: (1) the evidence she produced to the district court of how the actions of each named Defendant caused the injuries she received from the federal prosecution; and (2) how she demonstrated to the district court that each of those actions fell within a waiver of immunity under the Tort Claims Act." [CN 5]

{5}     Plaintiff's responses to our notice are neither clearly legible nor concise. Plaintiff continues to demonstrate that she equates New Mexico state government and its employees with the federal government and its employees whose actions occurred within the geographic boundaries of New Mexico. To be clear, the United States Department of Justice (DOJ) is a federal agency, not a state agency, and agents from the Federal Bureau of Investigation (FBI) are federal employees, not state employees. The United States Attorneys are federal employees, not state employees. The actions

4

of federal agencies and federal employees are not relevant to this state court suit, in which Plaintiff was permitted to only develop evidence that a person or agency employed by the State of New Mexico had caused her injuries. [RP 1014]

{6}     Plaintiff repeatedly asserts that she named New Mexico defendants and that she alleged injuries from the actions of these people. [MIO 1-5, 9-10, 25-26] Plaintiff does not describe, however, how the named Defendants are, in fact, state actors or state entities. Nor does she describe what allegation or evidence she produced to the district court to show that those named state actors or entities caused the injuries she allegedly suffered as a result of the federal prosecution. Plaintiff is patently incorrect in her assertion that "all claims against the United States are under [the] Tort Claims Act." [MIO 34] *See, e.g.*, *Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998) ("It is also clear that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to the governmental privilege of sovereign immunity. Where an agency has not waived its immunity to suit, the state court (and the federal court on removal) lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction." (citation omitted)).

{7}     It also appears that Plaintiff raises competency issues related to her federal court trial [MIO 7-8] and allegations of constitutional violations she suffered during the

federal court trial; including, violations of the Fifth Amendment, [MIO 19-22, 29-31] the Sixth Amendment speedy trial right, [MIO 25-29] and the Eighth Amendment. [RP 31-32] These are issues for the federal courts, not this Court. *See generally* NMSA 1978, § 34-5-8 (1983) (setting forth the appellate jurisdiction of the New Mexico Court of Appeals). To the extent these are new issues Plaintiff seeks to add to her docketing statement, the motion to amend is denied. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (explaining that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error), *superceded by rule on other grounds as stated in State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

{8}	For the reasons stated above and in our notice, we affirm the district court's order dismissing her amended complaint with prejudice. We emphasize to Plaintiff that no further pleadings will be considered.

{9}	**IT IS SO ORDERED.**


_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____

**JAMES J. WECHSLER, Judge**

6

_____

**STEPHEN G. FRENCH, Judge**