This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DAVID L. HUDDLESTON,**

     Protestant-Appellant,

and

**KENDRA L. DANIELS,**

     Protestant,

v.                                  **NO. 35,397**

**NEW MEXICO TAXATION AND**
**REVENUE DEPARTMENT,**

     Respondent-Appellee,

and

**IN THE MATTER OF THE PROTEST OF DAVID**
**L. HUDDLESTON & KENDRA L. DANIELS TO**
**NOTICE OF CLAIM OF TAX LIEN ISSUED UNDER**
**LETTER ID NO. L1880549424**.

**APPEAL FROM THE ADMINISTRATIVE HEARINGS OFFICE**
**Brian VanDenzen, Chief Hearing Officer**

David Lee Huddleston
Caprock, NM

Pro Se

Taxation and Revenue Department

Elena Morgan, Special Assistant Attorney General
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    Appellant David L. Huddleston appeals from the administrative hearing officer's decision and order denying his tax protest. This Court issued a notice proposing summary affirmance. Appellant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Remaining unpersuaded, we affirm.

In our calendar notice, we recognized that our standard of review is constrained by NMSA 1978, Section 7-1-25(C) (2015), which states that we "shall set aside a decision and order of the hearing officer only if it is found to be: (1) arbitrary, capricious, or an abuse of discretion; (2) not supported by substantial evidence in the record; or (3) otherwise not in accordance with the law." [CN 2] After reviewing the facts as laid out in Appellant's statement of facts, we proposed to conclude in our calendar notice that it did not appear that the hearing officer's decision, based on the fact that Appellant did not appear for his scheduled administrative tax protest hearing, was arbitrary, capricious, or an abuse of discretion, nor did it appear that the decision and order was not supported by substantial evidence in the record. [CN 3-4] In doing so, we noted that many of Appellant's arguments on appeal were largely nonsensical

and the authorities cited appeared to be inapposite to the issue at hand. [CN 4-5] *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 12,110 N.M. 369, 796 P.2d 262 (stating that this Court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments); *see also Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

In his memorandum in opposition, Appellant more clearly lays out his contention that the hearing officer's decision was not supported by substantial evidence. [MIO unpaginated 1-3] In particular, Appellant takes issue with an exhibit indicating his tax deficiencies. [MIO unpaginated 1; *see* RP 17] Specifically, Appellant argues against the validity of the document, asking, perhaps somewhat rhetorically, "Was it found in some trash can and brought to the court?" [MIO unpaginated 1] Appellant also makes arguments with respect to the authority of the Taxation and Revenue Department to levy taxes on him personally. [MIO unpaginated 1] We note that Appellant made similar arguments in his formal request for a tax protest hearing. [*See* RP 5] We remain, however, unpersuaded.

Specifically, we note that "[a]ny assessment of taxes or demand for payment made by the [New Mexico Taxation and Revenue D]epartment is presumed to be correct." NMSA 1978, § 7-1-17(C) (2007); *Torridge Corp. v. Comm'r of Revenue*,

1972-NMCA-171, ¶ 15, 84 N.M. 610, 506 P.2d 354 ("The notice of assessment of taxes based on the audit is presumed to be correct."). "The effect of the presumption of correctness is that the taxpayer has the burden of coming forward with some countervailing evidence tending to dispute the factual correctness of the assessment made by the secretary." *MPC Ltd. v. N.M. Taxation &Revenue Dep't*, 2003-NMCA-021, ¶ 13, 133 N.M. 217, 62 P.3d 308 (internal quotation marks and citation omitted). "Unsubstantiated statements that the assessment is incorrect cannot overcome the presumption of correctness." *Id.* (internal quotation marks and citation omitted). Here, there is no indication from Appellant's request for a tax protest hearing that he intended on presenting countervailing evidence to dispute the factual correctness of the assessment, and his failure to appear at his protest hearing resulted in his outright failure to present countervailing evidence. Because Appellant did not meet his burden to overcome the presumption of correctness, we cannot say that the hearing officer erred in denying his tax protest.

Accordingly, for the reasons stated in this opinion, as well as those provided in our notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**MICHAEL D. VIGIL, Judge**

_____
**STEPHEN G. FRENCH, Judge**