This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38103**

**SHERRY D. RUSSELL,**

　　Plaintiff-Appellee,

v.

**VIRGINIA ROSE KINNEY,**

　　Defendant-Appellant,

and

**JOHN W. KINNEY; THE UNKNOWN HEIRS OR DEVISEES OF JOHN W. KINNEY; THE UNKNOWN HEIRS OR DEVISEES OF VIRGINIA ROSE KINNEY; THE UNKNOWN CLAIMANTS OF INTEREST IN 431 TEXAS NE; and THE UNKNOWN CLAIMANTS OF INTEREST IN 435 TEXAS NE,**

　　Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Michael D. Hoefercamp P.C.
Michael D. Hoefercamp
Lawrenceville, GA

for Appellee

Virginia Rose Kinney
Tijeras, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HANISEE, Chief Judge.**

**{1}** Defendant-Appellant Virginia Rose Kinney (Appellant) asserts numerous issues on appeal from various orders entered by the district court. This Court issued a notice of proposed disposition, proposing to affirm. Appellant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. We note that although Plaintiff did not file a memorandum in support of the proposed disposition, Plaintiff filed a response to Appellant's motion to amend the docketing statement and Appellant filed a motion for leave to file a reply, seeking, in part, for us to strike the response from the record. [RB 1] A response to a memorandum in opposition and motion to amend the docketing statement is not permitted by the appellate rules. *See* Rule 12-210(D) NMRA. We thus do not consider any argument included in the response. Accordingly, striking the response is unnecessary, a reply is unwarranted, and the motion for leave to file a reply is denied as moot. We affirm.

**{2}** In her memorandum in opposition, Appellant continues to contend that the district court erred in the following ways: (1) not dismissing the case "after Plaintiff nullified her 'believe-claim' "; (2) allegedly suppressing evidence and not including a real estate contract in its findings; (3) not dismissing the case after it was shown to be "fraudulent" and "was presented to [the district c]ourt with perjury"; (4) entering its order and decree of quiet title "without required claim"; (5) wrongly assuming some documents had been served on Defendants, which they claim to have not received; (6) barring Defendants from filing "court documents" and a cost bill; and (7) stating an attempted additional costs bill was a matter for this Court to decide. [MIO 2]

**{3}** The bulk of Appellant's contentions were addressed in this Court's notice. We note that although she opposes the proposed affirmance, Appellant does not specifically point out error in the facts and law relied on in the calendar notice. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Appellant does not respond to or engage with the legal principles and nature of a quiet title suit laid out in our notice. Nor does she present any new facts or persuasive or relevant authority in support of her contentions. We reiterate that Appellant is bound by the same rules as litigants with counsel. *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 17, 110 N.M. 369, 796 P.2d 262 (stating that we review arguments identified by self-represented litigants to the best of our ability); *see also Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that self-represented litigants will not be treated differently than litigants with counsel).

**{4}** In raising the foregoing issues, Appellant persists in her fundamental misunderstandings of the nature of a quiet title action, why Defendants were not improperly named, and that the district court's orders, including the quiet title decree, did not require any money or action by Defendants. Her continued misapprehensions of the law and circumstances of the case do not persuade us of any error by the district court.

**{5}** We note that to the extent Appellant is trying to raise a new issue regarding the district court stating that a cost issue was an issue for this Court, it appears that she is raising the same cost issues we addressed in our notice—that she seeks additional costs or fees, to which we proposed she was not entitled—and she does not further develop her argument or persuasively point out error in our proposed disposition. [MIO 20; CN 6-7] *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{6}** Turning to Appellant's motion to amend her docketing statement, we note that in cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause or excuse by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules. *State v. Rael*, 1983-NMCA-081, ¶ 15, 100 N.M. 193, 668 P.2d 309.

**{7}** Appellant's motion to amend largely includes issues raised in her docketing statement and addressed by the proposed conclusions in our calendar notice, including arguments regarding a real estate contract and allegations of fraud. [MIO 19-22] To the extent Appellant alleges that she could not have raised issues arising at the hearing regarding costs in her docketing statement, we note that Appellant filed a separate appeal and separate docketing statement regarding her costs issues, which we consolidated with the present case and addressed in our calendar notice. [38426 2 RP 369-73; CN 6-7] Therefore, all issues raised in the motion to amend could have been, and seemingly were, presented in Appellant's docketing statements. As we have already considered these contentions and found them unpersuasive, we deny the motion to amend as non-viable.

**{8}** Ultimately, Appellant has not presented any facts, authority, or argument in the memorandum in opposition to persuade this Court that our proposed disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24. We deny the motion to amend the docketing statement as non-viable. Accordingly, for the reasons stated above, and in this Court's notice of proposed disposition, we affirm.

**{9}     IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**KRISTINA BOGARDUS, Judge**