This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39037**

**CITIMORTGAGE, INC.,**

Plaintiff-Appellee,

v.

**MAYE L. BERNARD,**

Defendant-Appellant,

and

**STEPHEN DURKOVICH, as Personal Representative of the ESTATE OF ELIZABETH BURR a/k/a MARY ELIZABETH BURR, and JEFFREY BURR-DEVERS,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF TORRANCE COUNTY**
**Matthew G. Reynolds, District Judge**

Keleher & McLeod, P.A.
Chris R. Marquez
Albuquerque, NM

for Appellee

Maye Bernard
Tijeras, NM

Pro Se Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

{1}     Appellant contends on appeal that the district court wrongly denied her motion to reconsider and set aside stipulated judgment, decree of foreclosure, and appointment of special master; motion for judgment of lien and order of collection; motion to reopen; and second emergency motion to postpone sale. [2 RP 482-83] This Court issued a notice of proposed disposition, proposing to affirm. Appellant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In Appellant's memorandum in opposition, she continues to contend the following: (1) Appellant had no notice of the motion for summary judgment (due to alleged issues with receiving mail) until after the period for a response had passed, and so raising her concerns and the alleged "additional evidence" via a motion to reconsider was her only option [MIO 1, 8-9]; (2) the district court erred in not holding an "emergency hearing" requested by Appellant [MIO 2]; (3) Appellee's lien was unsupported by evidence and fraudulent, for various reasons, and thus Appellant's lien is "perfected as a viable and valid obligation" to be paid by the estate [MIO 4, 9]; (4) "new evidence" called into question the will of the decedent [MIO 6]; and (5) Appellant had trouble contacting the special master for the case [MIO 7].

{3}     To the extent Appellant contends that she could not have raised her issues prior to the motion for reconsideration, due to being "at the whims of disgruntled USPS . . . employees[,]" and not receiving notice of the motion for summary judgment, we note that the district court was alerted to her claims that she had not received filings in this case because she included the same explanations in her motion to reconsider. [MIO 9; 2 RP 412] We remain unpersuaded that Appellant has demonstrated error by the district court regarding this issue.

{4}     The bulk of Appellant's contentions were addressed in this Court's notice. We note that although she opposes the proposed affirmance, Appellant does not further develop her arguments or persuasively point out error in the facts and law relied on in the calendar notice. *See Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Moreover, Appellant does not present any new facts or persuasive or relevant authority in support of her core contentions that her lien should have been prioritized and Appellee's claims voided. [MIO 4, 9]

{5}     We reiterate that Appellant is bound by the same rules as litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that self-represented litigants will not be treated differently than litigants with counsel); *Clayton v. Trotter*, 1990-NMCA-078, ¶ 17, 110 N.M. 369, 796 P.2d 262 (stating that we review arguments identified by self-represented litigants to the best of our ability). To the extent Appellant argues that she should be treated differently than litigants with counsel, she

presents no authority in support of her position and our case law states otherwise. [MIO 7-8]

**{6}** We remain unpersuaded that Appellant has demonstrated the district court abused its discretion in denying her motions. *See L.D. Miller Constr., Inc. v. Kirschenbaum*, 2017-NMCA-030, ¶ 16, 392 P.3d 194 ("Appellate courts will not interfere with the action of the district court . . . [regarding] an appeal from the denial of a Rule 1-060(B) [NMRA] motion, except upon a showing of abuse of discretion by the district court." (alteration, internal quotation marks, and citations omitted)). Ultimately, Appellant has not presented any facts, authority, or argument in the memorandum in opposition to persuade this Court that our proposed disposition was incorrect. *Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated above, and in this Court's notice of proposed disposition, we affirm.

**{7} IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**ZACHARY A. IVES, Judge**