This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39208**

**BOBBIE JO B. o/b/o MADISON B.,**
**a child,**

      Petitioner-Appellee,

v.

**NICOLE BORSELLO,**

      Respondent-Appellant,

_____

**ALYSSA MICHELLE B.,**

      Petitioner-Appellee,

v.

**NICOLE BORSELLO,**

      Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Matthew R. Wade, District Judge**

Bobbie Jo Bailey
Tularosa, NM

Pro Se Appellee

Nicole T. Borsello
Alamogordo, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ATTREP, Judge.**

**{1}** Respondent, a self-represented litigant, appeals the entry of protective orders by the district court that prohibit Respondent from contacting Petitioners, her biological daughters, for a period of ten years. [00088 RP 28-33; 00089 RP 29-34] This Court issued a notice of proposed disposition, proposing to affirm. Respondent filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm. We deny Respondent's motion to access the "audio [CD] hearings."

**{2}** In her memorandum in opposition, Respondent continues to contend the following: that she did not harm Petitioners; that she has not created a hostile environment; that she wants them to know and be in contact with Respondent and their siblings; that she has not followed Petitioners and their adoptive parents to take pictures; that she is merely posting her opinions on social media about Petitioners and their adoptive parents; and that she does not intend to harass or cause emotional harm and has only run into Petitioners and their adoptive parents by chance. [MIO PDF 2-9]

**{3}** The bulk of Respondent's contentions were addressed in this Court's notice of proposed disposition. We note that, although she opposes the proposed affirmance and characterizes her intent for her actions as well-meaning, she largely does not deny the facts as presented in the calendar notice. "We will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 (alteration, internal quotation marks, and citation omitted); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531 (stating that, when the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses"). Moreover, Respondent does not further develop her arguments or persuasively point out error in the facts and law relied on in the calendar notice in support of her core contentions that she is entitled to contact with Petitioners or that the contact is not harassment. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *Corona v. Corona*, 2014-NMCA-071, ¶ 28, 329 P.3d 701 ("This Court has no duty to review an argument that is not adequately developed."); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{4}** We reiterate that Respondent is bound by the same rules as litigants with counsel. *See Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84 (stating that self-represented litigants will not be treated differently than litigants with counsel); *see also Clayton v. Trotter*, 1990-NMCA-078, ¶ 17, 110 N.M. 369, 796 P.2d 262 (stating that we review arguments identified by self-represented litigants to the best of our ability).

**{5}** We note that Respondent has not described the relevant testimony presented at the hearings. *See* Rule 12-208(D)(3) NMRA (requiring a docketing statement to contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11,

109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 to provide us with a summary of all facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted). We construe Respondent's motion concerning audio to request that this Court review the audio recordings of the hearings. However, without argument or authority alleging error by the district court such that requires review of the hearing, we decline to do so and deny the motion. *See Muse*, 2009-NMCA-003, ¶ 72.

**{6}** Ultimately, Respondent has presented no facts, authority, or argument in the memorandum in opposition to persuade this Court that our proposed disposition was incorrect. *See Hennessy*, 1998-NMCA-036, ¶ 24. Accordingly, for the reasons stated above, and in this Court's notice of proposed disposition, we affirm.

**{7}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**BRIANA H. ZAMORA, Judge**