This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39205**

**CHASE XANDER,**

Plaintiff-Appellant,

v.

**INNOGAMES a/k/a
INNOGAMES GmbH,**

Defendant-Appellee,

and

**EIGHT ROADS and MTGX USA,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY
James M. Hudson, District Judge**

Chase Xander
Dexter, NM

Pro Se Appellant

Gallagher, Casados & Mann, P.C.
Nathan H. Mann
Linn E. Gillen
Albuquerque, NM

for Appellee

### DECISION

**MEDINA, Judge.**

{1}     Plaintiff Chase Xander appeals, pro se, the district court's grant of Defendant Innogames GmbH's motion to dismiss for lack of personal jurisdiction. Plaintiff appears to argue that Defendant established sufficient minimum contacts with New Mexico to allow the district court to assert specific jurisdiction. *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 17, 110 N.M. 369, 796 P.2d 262 (stating that this Court will review pro se arguments to the best of its ability). Because Plaintiff has not persuaded us that the district court erred, we affirm.

{2}     In any appeal before this Court "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. "This Court requires that the parties adequately brief all appellate issues to include an argument, the standard of review, and citations to authorities for each issue presented." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. Contrary to Rule 12-318(A) NMRA, Plaintiff fails to set out comprehensible arguments and to cite (binding) supportive authority. *See* Rule 12-318(A)(4) (requiring that the brief in chief include "an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on"); *see also Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (emphasis and citation omitted)).

{3}     Here, the district court gave explanations in its orders resolving the issue presented in this appeal. The district court concluded that (1) "the website at issue in this litigation is passive" under *Sublett v. Wallin*, 2004-NMCA-089, ¶ 33, 136 N.M. 102, 94 P.3d 845; and (2) Defendant's activities, as alleged in Plaintiff's eighth amended complaint, "do not amount to the sufficient minimum contacts with New Mexico necessary for specific personal jurisdiction." After a thorough and careful consideration of the briefing, the authorities cited therein, and the record, we conclude that Plaintiff has not demonstrated error on the part of the district court that warrants reversal. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the [district] court's actions. Appellant must affirmatively demonstrate its assertion of error."). Therefore, we affirm the district court's ruling on Defendant's motion to dismiss for lack of personal jurisdiction.

{4}     **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**GERALD E. BACA, Judge**