This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40645

JOSEPH CARRARO,

      Plaintiff-Appellant,

v.

SHANNON ROBINSON,

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Daniel E. Ramczyk, District Court Judge**

Joseph J. Carraro
Albuquerque, NM

Pro Se Appellant

Guebert Gentile & Piazza P.C.
Elizabeth M. Piazza
Julia H. Purdy
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiff Joseph Carraro, appeals from the district court's exclusion of Plaintiff's witnesses and order granting Defendant's motion for summary judgment. Unpersuaded that Plaintiff's docketing statement demonstrated error, we issued a notice of proposed summary disposition, proposing to affirm. Plaintiff has filed a memorandum in opposition to our notice, which we have duly considered. We remain unpersuaded and affirm. We also deny Plaintiff's motion to consider deadline extension for filing expert witnesses.

{2}     Plaintiff's memorandum opposing our notice (1) does not clearly address the issues contained in the docketing statement that we listed and discussed in our notice, (2) does not clarify any of the matters for which our notice sought explanation, and (3) does not set forth the specific legal or factual basis upon which Plaintiff believes this Court's proposed analysis is incorrect. In fact, Plaintiff's memorandum is utterly unresponsive to the points raised in the docketing statement and addressed in our notice of proposed disposition. Instead, Plaintiff's memorandum restates facts alleged in the district court [MIO PDF 7-12], seeks to "start over with expert witnesses" in this Court [MIO PDF 25], and complains of general unfairness in the proceedings. [MIO PDF 21] Plaintiff's assertions demonstrate a fundamental misunderstanding of his burden and obligations as the appellant, and do not demonstrate error in our proposed analysis and disposition of the case. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 59 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Camino Real Env't Ctr., Inc. v. N.M. Dep't of Env't*, 2010-NMCA-057, ¶ 21, 148 N.M. 776, 242 P.3d 343 (noting that self-represented litigants are "held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar" (internal quotation marks and citation omitted)); *Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 796 P.2d 262 (refusing to entertain arguments for which pertinent parts of the brief were unintelligible); *cf. Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

{3}     Thus, we affirm for the reasons stated in our notice of proposed disposition. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{4}     **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**GERALD E. BACA, Judge**