This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40584**

**SKI VALLEY ROAD PROPERTIES, LLC,**
**a New Mexico limited liability company,**

      Plaintiff-Appellee,

v.

**KERRY KRUSKAL,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jason Lidyard, District Court Judge**

De Stefano Law Firm, LLC
Richard De Stefano
Taos, NM

for Appellee

Kerry Kruskal
Arroyo Seco, NM

Pro Se Appellant

### MEMORANDUM OPINION

**MEDINA, Judge.**

**{1}** Defendant Kerry Kruskal appeals pro se the district court's denial of his motion to reconsider the accounting of Plaintiff Ski Valley Road Properties, LLC's deficiency lien against Defendant. Defendant's brief is, at best, difficult to understand. Defendant fails to provide an adequate, relevant factual background with citations to the record or relevant legal authorities that support his arguments. Defendant appears to argue that (1) he already paid off the deficiency lien as previously ordered by the district court and the lien should be released; (2) that Plaintiff cannot collect attorney fees for the post-

judgment motion practice; (3) that the district court failed to enter findings of fact and conclusions of law on specific allegations Defendant made over the course of his thirty motions requesting release from the lien; and (4) the district court improperly enjoined him from filing additional motions. We affirm.

**BACKGROUND**

**{2}** In January 2009, Plaintiff filed a complaint against Defendant seeking damages for unpaid debt, unjust enrichment, and foreclosure, alleging Defendant failed to pay off his mortgage. Plaintiff moved for partial summary judgment in June 2009. In February 2011, the district court partially granted Plaintiff's motion for summary judgment on the foreclosure, reserving the issues of interest rates and the deficiency amount. Ultimately, in September 2011 the district court set the post-judgment interest rate at 15 percent due to Defendant's bad faith; ordered that Plaintiff was entitled to recover attorney fees as costs in addition to other recoverable costs; and established the deficiency lien as the difference between the debt, attorney fees, costs, interest, and the sale of the foreclosed property. Plaintiff also requested the district court grant additional attorney fees for the post-judgment motions. The district court denied the requested amount, but found that Plaintiff's request was reasonable under the circumstances.

**{3}** Defendant appealed the district court's grant of attorney fees and this Court affirmed. On appeal, Defendant did not challenge what services could qualify for attorney fees, but only the timeliness of Plaintiff's request of attorney fees related to the motion for summary judgment on the foreclosure. In May 2013, after remand from this Court, the district court entered a minute order closing the case because all issues had been resolved and no further action was necessary.

**{4}** Almost four years later, in February 2017, Defendant—now appearing pro se—filed a motion seeking relief from the deficiency lien and an accounting of the debt because Defendant claimed he had fully paid off the accumulated amount. Plaintiff responded with a recent calculation of Defendant's debt and requested additional attorney fees for having to respond to Defendant's motion. Defendant then filed seven additional motions continuing to argue that Defendant had completed payment on the deficiency lien and that the district court orally ordered the lien released, challenging the grant of any additional attorney fees, requesting damages and reimbursement for his overpayment on the lien, and asking that the district court grant default in his favor on the motions, Plaintiff did not respond to. Defendant additionally asked for leave to file both a counterclaim and amend a counterclaim, and to join additional parties.

**{5}** The district court entered an order on the accounting of Defendant's debt in August 2019. The district court found that (1) it had not previously released Defendant from the deficiency lien; (2) Plaintiff's request for attorney fees was reasonable; and that Defendant had not paid off the deficiency lien. The district court concluded that Defendant still owed "$13,612.02, plus interest at 15 [percent] per annum" and denied all of Defendant's outstanding motions.

**{6}** In response Defendant filed twenty-two motions collectively requesting the district court reconsider its August 2019 accounting order. Comparable to his original eight motions requesting an accounting, Defendant argued that he had already paid off the lien as orally ordered by the district court, challenged the grant of attorney fees, requested damages because Defendant alleged Plaintiff's attorney was misleading the district court about Defendant's previous payments, and that the district court failed to enter findings of fact and conclusions of law in Defendant's favor and should also grant default in Defendant's favor.

**{7}** In July 2022, the district court denied Defendant's collective motion to reconsider. The district court found that "Defendant's pleadings and oral arguments were rehashes of arguments previously made, and did not include new authority or newly discovered facts which could not have reasonably been discovered prior" to the August 2019 accounting order. The district court additionally stated that Defendant failed to show Plaintiff's request for attorney fees "are unreasonable in amount, and has not articulated any specific claim of unreasonableness." As such, the district court ordered that, "Plaintiff shall have judgment accordingly in the amount of $9,665.30, plus interest thereon at the rate of 15 [percent] per annum" and Defendant's objections to the August 2019 accounting order were denied. The district court further ordered that all of Defendant's motions, whether expressly mentioned in the order or not, were denied. The district court ordered that Plaintiff "shall not be entitled to any further recovery of attorney[']s fees" because the district court considered its order the final order resolving the case. The district court further ordered that

> [e]xcept for a direct appeal of this [o]rder or the [a]ccounting [o]rder, [D]efendant is hereby restrained and enjoined from filing pro se in this [c]ourt (a) any motion or other pleading herein; (b) seeking reconsideration of this order; (c) seeking any extension of the time to file a notice of appeal; and, (d) in any other manner seeking to litigate any issues addressed in this [o]rder.

**{8}** This appeal followed.

## DISCUSSION

**{9}** As a preliminary matter, Defendant argues that we should review his appeal with leniency because he is appealing pro se. This Court will review pro se arguments to the best of its ability on appeal. *See Clayton v. Trotter*, 1990-NMCA-078, ¶ 17, 110 N.M. 369, 796 P.2d 262. In any appeal before this Court "it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred." *Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261. "This Court requires that the parties adequately brief all appellate issues to include an argument, the standard of review, and citations to authorities for each issue presented." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53. Contrary to Rule 12-318(A) NMRA, Defendant fails to set out comprehensible arguments, explain how the authority he cites might support his argument, or

consistently cite to the record for factual support of his arguments. *See* Rule 12-318(A)(4) (requiring that the brief in chief include "an argument which, with respect to each issue presented, shall contain a statement of the applicable standard of review, the contentions of the appellant, and a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on"); *see also Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (emphasis and citation omitted)); *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273 (stating that "this Court will not search the record when a party fails to provide citations").

**The District Court's Denial of Defendant's Motion to Reconsider**

**{10}** "We review the denial of a motion for reconsideration for abuse of discretion." *Unified Contractor, Inc. v. Albuquerque Hous. Auth.*, 2017-NMCA-060, ¶ 77, 400 P.3d 290. "This Court has held that a district court does not abuse its discretion in denying a motion for reconsideration that was merely a restatement of the arguments the defendants had already advanced." *Id.* (internal quotation marks and citation omitted).

**{11}** Defendant asserts that the district court erred by denying his motion to reconsider the August 2019 accounting order and entering the final judgment on July 2022. The only record proper citation Defendant provides to support his argument is a statement from the district court at the September 2017 hearing. Defendant blatantly mischaracterizes the statement. Defendant claims the district court ordered "that the lien should be released." The district court actually stated, "[Defendant] if you are requesting, which you are, to have the court rule that you've paid off the balance, and *that the lien should be released*, I'm requesting that you file a supplement to your motion or motions with some evidence." Defendant's arguments on appeal do not address the district court's denial of his motion for reconsideration. Rather, our review shows Defendant is attempting to relitigate issues already decided by the district court since Defendant moved for the initial accounting in February 2017. Defendant fails to explain how this recitation of arguments demonstrates that the district court erred when it denied his motion for reconsideration. Without citation to additional evidence or legal argument, Defendant failed to meet the requirements for reconsideration before the district court. Therefore, we hold that the district court did not abuse its discretion by denying Defendant's motion for reconsideration. *See Unified Contractor, Inc.*, 2017-NMCA-060, ¶ 77.

**The District Court's Sanctions Against Defendant**

**{12}** Defendant argues that the district court's decision enjoining Defendant from further filing in the case "must be overturned." We review a district court's decision to impose sanctions for an abuse of discretion. *See State ex rel. N.M. State Highway & Transp. Dep't v. Baca*, 1995-NMSC-033, ¶ 26, 120 N.M. 1, 896 P.2d 1148.

**{13}** The record in this case consists of more than 1,300 pages, spanning over fifteen years, where the brunt of the filings are motions and pleadings made by the Defendant—whether during the district court's grant of Plaintiff's request for foreclosure, or during the district court's accounting of Defendant's remaining debt. During the foreclosure action, the district court found that Defendant acted in bad faith in an attempt to delay the litigation by asserting claims without factual basis and filing improper pleadings. After moving to reopen the case, Defendant continues to distort this case through repeated, unsupported arguments in his thirty post-judgment filings that he has already paid off the deficiency lien and the district court ordered that the lien be released.

**{14}** Defendant fails to show how the district court erred outside of one unexplained citation to out-of-state authority. Courts have "inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." *Id.* ¶ 11 (internal quotation marks and citation omitted). Our review shows that the district court properly restricted Defendant's further filing of pro se pleadings in this case. While we "recognize that every individual in our society has a right of access to the courts . . . the exercise of that right cannot be allowed to rise to the level of abuse, impeding the normal and essential functioning of the judicial process." *State ex rel. Bardacke v. Welsh*, 1985-NMCA-028, ¶ 18, 102 N.M. 592, 698 P.2d 462 (internal quotation marks and citations omitted). The district court's ability "to command the obedience of litigants" is necessary for the effective performance of judicial function and ultimately end litigation on issues already decided—like the case before us. *See Baca*, 1995-NMSC-033, ¶ 11. Therefore, we conclude that the district court did not abuse its discretion and affirm the district court's decision to enjoin Defendant from further filing in this case.

**CONCLUSION**

**{15}** For the foregoing reasons, we affirm.

**{16}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**