This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39103**

**GEROME GRIEGO,**

Plaintiff-Appellee,

v.

**FRANCESCO BUFANO,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Jason M. Jaramillo, Metropolitan Judge**

Gerome Griego
Los Lunas, NM

Pro Se Appellee

Francesco Bufano
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendant Francesco Bufano appeals from the metropolitan court's judgment in favor of Plaintiff. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, including arguments we construe as a motion to amend the docketing statement, which we deny. Having duly considered Defendant's memorandum, we remain unpersuaded and affirm.

**{2}** Initially, we note that Defendant's memorandum in opposition is largely unresponsive to the specific concerns identified in our calendar notice, including that many of the issues did not appear to be preserved for appellate review. [CN 3-6] Although the memorandum does provide some additional context about the issues

raised, we remind Defendant that this Court "will not reweigh the evidence nor substitute our judgment for that of the fact finder." *Clark v. Clark*, 2014-NMCA-030, ¶ 26, 320 P.3d 991 (internal quotation marks and citation omitted). "We are a court of review, and our function is to see if legal error that would change the result occurred." *Clayton v. Trotter*, 1990-NMCA-078, ¶ 4, 110 N.M. 369, 796 P.2d 262 (citation omitted). "It is not our role to retry the case for a better result even if we would have ruled differently." *Id.*

**{3}** Concerning Defendant's claim that Plaintiff enlisted an advocate, Defendant explains that the trial court stated on the record numerous times that the individual was not participating in the proceedings. [MIO PDF 7-9] Defendant disagrees with the trial court's ruling in this regard, asserting the individual's presence placed him "at an easily preventable disadvantage, while denying him a level playing field, which resulted in the unfortunate and extremely serious [c]ontempt [c]harge leveled against him." [MIO PDF 8] However, Defendant's blanket statements are insufficient for us to conclude that the trial court's findings were clearly deficient or that Defendant was prejudiced by the presence of the individual. *See Griffin v. Guadalupe Med. Ctr., Inc.*, 1997-NMCA-012, ¶ 6, 123 N.M. 60, 933 P.2d 859 ("Unless clearly deficient, a trial court's findings will be construed to uphold the judgment rather than to reverse it. . . . This Court will not search the record to find facts, nor will we accept blanket statements of fact . . . unsupported by reference to evidence in the record." (citations omitted)); *Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)).

**{4}** We also note that Defendant's third issue has morphed from its initial presentation, and now includes claims that the trial court erred by denying Defendant's counterclaims and by determining the mechanics' lien was not part of the case. [MIO PDF 11-19] Because these issues were not raised in Defendant's docketing statement, we construe their inclusion in the memorandum in opposition as a motion to amend the docketing statement. *See* Rule 12-208(F) NMRA (permitting the amendment of the docketing statement based upon "good cause shown"); *State v. Rael*, 1983-NMCA-081, ¶¶ 15-16, 100 N.M. 193, 668 P.2d 309 (setting out requirements for a successful motion to amend the docketing statement). The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. Given the absence of an explanation as to why these issues were not originally raised in his docketing statement, we are not persuaded that they are viable. *See Rael*, 1983-NMCA-081, ¶ 15; *see also Moore*, 1989-NMCA-073, ¶ 44. We therefore deny Defendant's motion to amend the docketing statement. *See Rael*, 1983-NMCA-081, ¶ 7 (stating that "allowance of an amendment to the initial docketing statement is discretionary with the appellate court on appeal" and that "we look with disfavor upon the addition of issues not raised in the docketing statement").

**{5}** Defendant has not otherwise presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed summary disposition was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *see also Premier Tr. of Nevada, Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 ("[I]t is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the [trial] court has erred.").

**{6}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{7}** **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**