This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39981**

**BANK OF NEW YORK MELLON f/k/a BANK OF NEW YORK, as Trustee for the Benefit of the Certificate Holders of the CWALT, INC., Alternative Loan Trust 2004-25CV (a third-party debt collector),**

      Plaintiff-Appellee,

v.

**ROBERTO M. VIGIL a/k/a BOBBY VIGIL,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Emilio J. Chavez, District Judge**

Houser LLP
Solomon Scott Krotzer
Albuquerque, NM

for Appellee

Roberto M. Vigil
Questa, NM

Pro Se Appellant

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** Defendant, self-represented, appeals from the district court's order of foreclosure. We issued a notice proposing to affirm because Defendant did not raise any issues for us to address and merely explained how he is seeking alternative forms

of relief and promised to "keep the Court informed of pending formal developments on this matter." [DS 1] Defendant has filed an "answer" to our proposed affirmance, which we have duly considered. We hold that Defendant has not demonstrated error and we therefore affirm.

**{2}** As we stated in our notice, Defendant's notice of appeal and docketing statement may not act as a placeholder for an appeal while a party seeks relief elsewhere. Rather, the docketing statement serves as the statement of issues that presents the factual and legal matters on appeal and serves as a fair substitute for the complete record proper, which we respond to with a notice of our proposed analysis of the issues. *See* Rule 12-208(D)(3), (4) NMRA; Rule 12-210(D)(1) NMRA; *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353; *Thornton v. Gamble*, 1984-NMCA-093, ¶ 18, 101 N.M. 764, 688 P.2d 1268. Because Defendant's response to our notice asserts all new arguments, we treat it as a motion to amend the docketing statement. *See* Rule 12-210(D)(2) (stating that "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues[,]" but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition).

**{3}** In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{4}** Defendant's answer to our notice should satisfy all or most of the factors set forth in *Rael* in order to show good cause to amend the docketing statement, but it does not address or satisfy any of them. First, the answer was not timely filed. A motion to amend will be considered timely when filed "prior to the expiration of the time for filing a memorandum in opposition in cases assigned to the summary calendar." *Rael*, 1983-NMCA-081, ¶ 8. Rule 12-210(D)(2) requires a memorandum in opposition to be filed within twenty days of this Court's calendar notice. Defendant's "answer" to our notice was filed thirty days after this Court's calendar notice and no extension was requested or given. Thus, it is untimely.

**{5}** Second, Defendant's answer does not provide us with even basic information required of a docketing statement. It does not present, for example, a clear statement of issues, a statement of how the issues arose and were preserved in district court, or a concise statement of the relevant evidence presented and arguments raised in favor of and against the allegation of error and the basis for the district court's rulings. *See* Rule

12-208(D)(3), (4); *Rael*, 1983-NMCA-081, ¶¶ 7-8. We have explained that the requirement of appellants to satisfy their burden to state all facts material to the consideration of the late-raised issue applies "with equal, if not greater, force to requests to amend docketing statements and to fulfill showings of good cause that would persuade us to allow any motion to amend." *Rael*, 1983-NMCA-081, ¶ 10.

**{6}** Third, Defendant does not demonstrate good cause and makes no attempt to explain why issues were not originally raised in the docketing statement or why he has not otherwise complied with the appellate rules. *Id.* ¶¶ 7-8.

**{7}** Fourth and lastly, Defendant does not raise viable issues, to the extent we can construe his response as stating issues. As we indicated above, Defendant does not explain how the record gives rise to his arguments, how Plaintiff responded to Defendant's arguments, or the grounds for the district court's rulings on his assertions. *See State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails in the obligation under Rule 12-208 to provide us with a summary of all the facts material to consideration of the issue raised on appeal, we cannot grant relief on the ground asserted); *Thornton*, 1984-NMCA-093, ¶ 18 (explaining that we construe the appellate rule governing the content of docketing statements to include the requirement that the appellant provide all the facts that support affirmance). Mostly, Defendant presents grievances to us that are largely untethered to law or factual assertions about the record and that complain about matters that seem mostly irrelevant to the grounds for foreclosure; or, at least, Defendant does not identify the defense to foreclosure to which most of his complaints are relevant. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."); *Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be."); *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal."); *Clayton v. Trotter*, 1990-NMCA-078, ¶ 12, 110 N.M. 369, 796 P.2d 262 (explaining that this Court will review pro se arguments to the best of its ability, but cannot respond to unintelligible arguments).

**{8}** Because Defendant's "answer" to our notice necessarily seeks to add issues to his docketing statement, but does not comply with any requirements for doing so or demonstrate a viable issue, we deny any amendment to the docketing statement that Defendant's response would require and hold that Defendant has not demonstrated error. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 (explaining that we employ a presumption of correctness in the rulings of the district court, and the burden is on the appellant to clearly demonstrate error). Accordingly, we affirm the district court's order of foreclosure.

**{9}** **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**SHAMMARA H. HENDERSON, Judge**